OPINION of the Court, by
Judge Owsley.
— Thi^ wr¡t 0f error is brought to reverse a judgment of the . ° , , , J p . ..... Nelson circuit court awarded against the plaintiff m er-ror on a presentment for not keeping a road in repair W^"1C^ he was surveyor.
It *s objected that the presentment is defective in not stating with sufficient precision an offence either of omis - s¡on or commission. This objection must have been , , . . , . r , . taken on the supposition that in presentments ot this description it is necessary to charge specially what day roat^ was perm’£ted to be out of repair. It will not be denied but that according to the settled rules of the common law the day should be specially alleged in pre-gentmeots of crimes of commission ; but a distinction *485 seems to exist in the presentment of crimes of commission and those of omission ; and although a precise specification as to time is necessary in the former case, it has been held not to be required in the latter—2 Haw. P. C. ch, 25, § 79—-3 Gwil. Bac. Abr. 562.
The right of the court to appoint a particu* lar defcriptioo of perfons fur-veyors, cannot be queftloned on the trial, a. gainfl rhe fur. veyor for delin* quency.
He cannot be fincó without being farniibed with the bouru, dary including the hands he has a right to call on.
If it be said the rule qí the common law in this respect is changed by the statute requiring the jury in making presentments to specify the time when the crime was committed, it is answered that statute in its literal acceptation applies to crimes committed; but if it should be considered to apply to cases like the present, the presentment in question by alleging the road to have been out of repair for three months then last past, forms a literal correspondence with the statute.
It is likewise objected the circuit court erred in imposing a fine on the plaintiff in error, because it is urged the county court had no right to appoint the plaintiff surveyor of the road, when it appears he had at the time he was appointed two male laboring slaves over the age of 16 years.^ Waiving the inquiry whether a person having two slaves over the age of 16 years, can regularly be appointed a surveyor of a road, the objection cannot be admitted to prevail: for as the county courts have the exclusive jurisdiction in relation to roads, their orders in appointing surveyors cannot be thus collaterally brought in question on the trial óf a presentment for a delinquency in the surveyor.
It is finally objected the court erred on the merits of the case in adjudging upon the whole evidence that a fiqe should be imposed on the plaintiff. This objection is entitled to more weight. It appears the surveyor had never been furnished with a description of the' boundary including the hands, or any thing by which he could ascertain upon whom to call to cause the road to be put in repair. Without some information of this kind being given to the surveyor, it would not only be a violation of the rules of law, but repugnant to the plainest dictates of natural justice, that he should be subjected to a fine. — -—-Judgment reversed.