*279 Opinion of the Court, by
Judge Owsley.
Gower, who was appointed jailer by the county court of Franklin, on the 21st of April 1818, together,with Alexander H. Rennick and John Woods his sureties, executed to the Commonwealth of Kentucky, a bond hi the penalty of one thousand dollars, conditioned to be ■void, “ if the'isaid Gower shall faithfully ^.xecjite, the office of Jailer in said county agreeable to íaw.”<s
Upon thi^ bond an action of debt was brought against Gower and his sureties, in the name of the Commonwealth, for the use and benefit of Carswell, and after setting out the bond and condition thereto annexed, and after suggesting that a capias ad satisfaciendum, issued in favor of Carswell, upon a judgment which he had re.covered irithe Franklin circuit court, against Charles Sproule, and after charging that the said Sproule was duly arrested by the sheriff under said ca. sa. and delivered into the custody of Gower as jailer, for safekeeping, &c. the'declaration, for breach of the condi-lion of the bond, in substance alleges that the said flower, after receiving into his custody - the body said Sproule, without requiring of him bond- and seed-rity as required by law, permitted him to have the benefit of the prison rules, and from thence voluntarily per-refitted him, the said Sproule, to escape, &c.
The defendants pleaded eight pleas; to the 1st, 4th, 5th and 6th, the plaintiff demurred, and the demurrer was joined by the defendánts. The demurrer waf’siús-tained as to the-sixth pica, hut overruled as to the 1st, 4 th and 5 th, and judgment in bar of the plaintiff’s action reared by tho court.
1 he assignment oí errors questions the correctness of tlie-decision of the court in overruling the demurrer to tfíe;lst,"4jh and 6ttfe pleas.^*
.-life'’first plea alféges, i|ySK||rl terms, that Gqwer has l^(B.Mfcd,‘8.erform,ed MaSp«lintf in that behalf. &ha.
as to the suf- ' Has ♦’It will net •■be->>denie-0j!„.hu4that *280 io an action upon a deed containing-geti^Rá} affirmative stipulations, it is competentfdr the defendant to plead in general terms a periormance ox the covenants, unless plaintiff basin his declaration set ouLa specific breach of the covenant. But where the declaration containg^a specilic breach, it is incumbent on the do-fend an ño respond specifically to the breach alleged, and not by pleading a general performance of his cov-protract the pleadings by throwing upon the plaintiff the burthen of again repeating in a replication the breach alleged in bis declaration, before the parties £an come to an issue.
To let a the prison °2 rules, without giving any bond, is an escapo.
The 4th and 5th- pleas, each, in substance, present the question, whether or not Gowerana his sureties are liabJe- under their bond to Carswell for the escape of Sproule from the prison rules, after Sproujp had given to Gower a bond with security, containing the following condition:
“ The condition of the above obligation is such, that whereas the above bound Charles Sproule, has been committed to the custody of the said Stanley P. Gower, jailer in and for the county of Franklin, under an'exo-cution in behalf of Samuel Carswell, for nine hundred and twenty-one dollars eighteen cents debt, and ten dollars and sixteen cents costs, and interest from the third of January 1819 till paid, which execution was issued from (he Franklin circuit court, on the 11 th day of March 1820; and that the said Charles Sproule is permitted to have the benefit of the prison rules, upon executing this bond. Now, if the said Charles Sproule shall well and truly keep within the bounds and prison rules laid down by the county court of Franklin county, and not depart and go out of the same until discharged by due course of law, then this obligation to be void; else-to remain in full force and virtue.”
The bond of which the foregoing is the condition, is alleged in the pleas to have been assigned by Gower to Carswell, immediately after the escape of Sproule from the prison rules; but If, as w:as contended by the counseT of the plaintiff in argument, the bond is void, the circumstance of its having been assigned to Cars-well, cannot be admifte^|^b.solve Gower and his. sureties from any lia^iiiffft^alPh they woulcfb.ave been otherwise under"t4o>CarswéT to the Commonwealth. thejwbon^íeícecuted 'souted by *281 "Sprónlé bé void, ‘its assignment to Carswell can have been of no benefit to him, and althoughffcceived by Carswell, the bond forms no adequate satisfaction for the injury occasioned by the escape of Sproule.
And that the bond of Sproule is void, wé apprehend, admits of no serious doubt. Prior to the date^ the ex-«cution under which Sproule was committed tdthe custody of Gower, by an act’of the legislature of this country, the prison rules in each county were declared to be extended to the limits of each county town in this commonwealth. It was, therefore, after the pdssage of that act, not incumbent on the county courts to lay dowfi the prison rules for their respective counties; and consequently'the condition of Sproule’s bond to keep within the bounds and prison rules as laid down by the county court of Franklin county, is a condition repugnant to law, and as such, renders the bond inoperative and void.
If, then, the bond of Sproule be void, it results that file court should have sustained the plaintiff’s demurrer to the 4th and 5th pleas of the defendants; for it has been heretofore decided by this court, that the jailer is liable as for a voluntary escape, after a departure from the limits of the prison rules by a prisoner who is permitted to take the rules without'executing any bond; and the principle is the same, and the liability of the iaijer must be the same, though a bond be given by the prisoner, if the bond be void.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and further proceedings there had, not inconsistent with this opinion.