Judge Underwood
delivered the Opinion of the Court.
Debt, upon administrator’s bond, suggesting a devas-iav^ : *ssue uPon 9 plea °t covenants performed : special verdict to the following effect; “that the intestate was possessed, at his death, of one bed and furniture, of the value of fifteen dollars ; two bureaus, of the value of twelve dollars ; two tables, of the value of three dollars each; six chairs, of the value of three dollars,, and one stand, of the value of one dollar ; which property was taken, at the death of the intestate, and carried to the house of Cornwell, by his direction, where it remained ; and Griffith, the administrator, while the execution of Cooper was in the hands of the sheriff, was notified by the attorney of Cooper, that said property was there, and was required to deliver the property up in satisfaction of said execution ; which hé did not, and he has never gotten the possession of the property to this time, &c.” Judgment for thirty seven dollars, in behalf of the Commonwealth, for the relator, subject to a small credit.
áíf vastavit, aver-iffntestatecame t0 the. hands, AnotuMge” of the adm’r, suf-that^oods^md c!ialteJs> suffi-to his hands to be administered #c.) is bad on demurrer.
Plene admin-istrara is a good plea (by-statute,) to an action of debt for a devasta-vit.
Plea of nil de-bet, or of covenants performed, to a declaration in debt, for a devasta-vit, is bad, on demurrer.
Property of a decedent which (by act of Nov. 1821,) is exempt from execution, passes to the widow and heirs,if any; and is not assets to be administered.
The record exhibits the following errors :—
First. The declaration is defective. It avers, that “ es-late of the intestate, to a large amount, came to the hands, possession, or knoioledge, of the administrator, sufficient to pay, &c.” It should have averred, that goods and chattels sufficient to pay the debt had come to the hands of the administrator to be administered. An administrator may have knowledge of goods and chattels of his intestate amply sufficient to pay the debt ; yet if he cannot reduce them to possession, he is not liable, merely because he had knowledge of their existence.
Second. The plea marked No. 2,was good, if the decía-ration had been so. It was a valid plea of plene adminis-travit. The statuteallowed it to be filed. See act of 1811, (1 Dig. 534.) If true, it would exonerate the administrator and his surety from all liability in this action, unless it might be for costs to be adjudged against the administrator alone, according to the said statute.
Third. The plea of nil debit was properly adjudged bad on demurrer. Brents &c. vs. Sthal, 3 Bibb, 484. The plea of covenants performed would not have been good, on demurrer. Commonwealth vs. Gower, 4 Lit. 280. Commonwealth vs. Miller &c. 5 Mon. 211.
Fourth. The special verdict did not warrant the judgment. The goods never came to the hands of the administrator. It satisfactorily appears, from the record, that the intestate left a wife, the daughter of Conwell. By an act of 1815, a bed and its furniture were exempt from execution. (1 Dig. 498.) By an act approved, Nov. 22, 1821, every species of property, at that time exempt by law from execution, was exempted from sale by administrators, and such property so exempted was declared not to be assets in their hands. It was reserved for the use of the widow and heirs. The record leaves no doubt that the bed and furniture mentioned in the special verdict, was within the operation of these acts of assembly.
Wherefore, the judgment is reversed, with costs, and the cause remanded for a judgment against the declaration, upon the demurrer to the second plea.