Judge Marshall
delivered the Opinion of the Court.
The bill in this case sets up a judgment against Gaunt’s administratrix, and an execution thereon, returned “nulla, bom,'” and alleging that she had received assets sufficient for the payment of all debts, but that she had wasted them, calls for a discovery and account of the assets; attaches, and seeks to appropriate to the satisfaction of the complainant’s judgment, so much of a debt alleged to be due from James March, as should not be taken by the previous attachment of Montmollin, and for the residue of the complainant’s judgment, asks a decree against the administratrix and her sureties.
Upon the principle settled in the case of Montmollin against Gaunt’s administratrix, just decided, the facts of which are substantially the same as those of the present case, the complainant was clearly entitled to a decree, subjecting to the satisfaction of her judgment, so much of the debt from March, as was not exhausted by Montmollin’s demand. And it was erroneous to dismiss the bill, without giving relief, at least to that extent.
But as a part of the complainant’s judgment will still remain unsatisfied; and as it appears from the account taken in the case, that the defendant has assets in her hands beyond the debt from March, the question arises whether there should also be a decree against the administratrix and her sureties, for the balance of the judgment, or so much thereof as is equal to the assets in her hands.
In the case of Stroud’s Heirs vs. Barnett, 3 Dana, 392-3, this Court asserts the principle, that an executor or administrator being regarded in equity as a trustee for creditors and others interested in the estate, and the *411 assets being trust funds for their benefit, the Court of Equity may take jurisdiction, in favor of a creditor who has not even obtained a judgment at law, not only to compel a discovery, but also to render the executor or administrator liable for a breach of his trust, by waste or mal-administration of the assets. The present case is stronger than that, inasmuch as the complainant has obtained a judgment at law, and followed it up with an execution, and for want of an inventory of the estate, may be considered as being driven into a Court of Equity for a discovery of assets, without which, even an action at law for a devastavit, might be fruitless. Under such circumstances, the Court having undoubted jurisdiction for some purposes, we think it would be contrary to its general principles and practice, to turn the party round with partial relief, to seek final satisfaction by one or more actions at law.
Upon a return of no property found, upon an ex’on against the estate of a decedent, the creditor may maintain his bill, under the statute subjecting choses in action to the payment of debts, against the ex’or or administrator, to attach the funds in his hands; upon which a decree may be rendered against him, if it appears that, having assets not subject to an execution, he is a debtor to the estate; and if his sureties are made parties, the decree may extend to them.
We are, moreover, inclined to the opinion that, under a liberal construction of the statute subjecting choses in action to the satisfaction of judgments, the Chancellor might, in favor of a judgment creditor whose execution had been returned ‘nulla bona,’ render a personal decree against an executor or administrator, who should be found to have assets in his hands, not accessible at law; or in other words, who should be found to be indebted to the estate which is indebted to the complainant. And in any case, where a personal decree may be rendered against the executor, on account of assets which he has failed to appropriate according to his duty, we have no doubt that, if his sureties are before the Court in the same suit, the decree, on the principle of avoiding circuity of action, may be extended to them.
It follows from this view of the question stated, that besides appropriating to the payment of the complainant’s judgment so much of March’s debt, with its interest, as may remain after the satisfaction of Montmollin’s demands, there should be a decree de bonis propriis against the administratrix and her sureties, for the residue of the judgment, or for so much thereof as may appear to be in the hands of the administratrix: which is to be ascertained by adding to the balance appearing *412 against her, in the commissioner’s report, already made in the cause, two hundred and thirty two dollars, the excess of the price given by March, for effects of the intestate, beyond the appraised value of the same articles with which the administratrix is already charged; and also, such interest as shall have been received, or is chargeable upon the note of March, and by crediting her with the amount which may be paid to Montmollin, under the decree to be rendered in his favor, in pursuance of the mandate of this Court.
Wherefore, the decree is reversed, and the cause remanded, with -instructions to cause an account to be taken as above directed, and to render a decree thereon In conformity with this opinion.