# REPORTS

OF

# CASES ARGUED AND DETERMINED

AT THE

## JANUARY TERM, 1848.

## McGEHEE, Adm'r, v. HANSELL.

1. Where the record discloses, that a judgment was once rendered in the cause, in favor of the defendant, and another trial is had, and a judgment rendered for the plaintiff, there being no plea of a former recovery, or objection made to the action of the court, the appellate court will presume, that a new trial was granted by the court, or consented to by the parties, and omitted to be entered by mistake.
2. When, in obedience to a *sci. fa.* one appears as administrator *de bonis non*, by his attorney, and proceeds to trial, it will be presumed that he was the representative of the deceased, and was regularly made a party to the suit.
3. An attorney at law, is a competent witness for his client, unless he has an interest in the suit.

Writ of Error to the Circuit Court of Lawrence. Before the Hon. G. W. Lane.

HANSELL brought an action of assumpsit against Valiant, in the circuit court of Lawrence. The defendant appeared,

3

and pleaded the general issue. At the September term, 1844, the death of the defendant was suggested, and Amos P. Galloway, sheriff, and administrator *ex officio*, was made a party defendant. At the spring term, 1845, he pleaded the insolvency of the estate of Valiant, which was admitted to be true. At the March term, 1846, a trial was had, and a verdict was rendered for the defendant. At the September term, 1846, it appears that the term of office of Galloway having expired, it was suggested to the court, and an order was made, that the suit be revived against the representatives of Valiant when known. At the March term, 1847, a notice was ordered to Henry M. McGehee, sheriff of Lawrence county, as the successor in office of Galloway. This notice was issued, and returned executed. The next entry is in this form: John W. Hansell v. Henry M. McGehee, administrator *de bonis non* of Henry Valiant, deceased. This day came the parties by attorneys, &c. and thereupon came a jury, to wit, &c. who upon their oath say, they find for the plaintiff, and assess his damages at $1157. Then follows the usual judgment of recovery, but it is further ordered, that said plaintiff have not execution therefor, but the same be certified to the orphans' court of said county, by which said estate is declared insolvent. On the trial, a bill of exceptions was taken, which shows that Mr. Peters, the plaintiff's attorney, was examined by the plaintiff as a witness. The defendant objected to the admissibility of his testimony, for the reason that he was the attorney of the plaintiff. The objection was overruled.

The defendant, McGehee, here assigns for error—1. That it appears that at the March term, 1846, a verdict and judgment was rendered for the defendant, and it does not appear that a new trial was granted, or that this verdict or judgment was set aside.

2. That the court erred in permitting the plaintiff's attorney to testify.

L. P. WALKER, for plaintiff in error.

1. As the verdict rendered in favor of the predecessor of the plaintiff in error, at the March term, 1846, was never set

aside, the subsequent action of the court in the premises, at a subsequent term, was clearly erroneous.

2. Upon principles of public policy, it seems to me to be clear, that the attorney is not a competent witness for his client. He has every temptation to misrepresent the facts. His professional reputation depends upon success, and it often happens that he not only brings the suit, but instigates it—volunteering an opinion where none was asked, and hunting out cases where none were thought to exist. Nor is this general objection at all weakened by the fact, as stated in the bill of exceptions, that the fee of the attorney had been paid. The objection to his competency is not so much upon the ground of a direct pecuniary interest, as of the general public policy, which should exclude him altogether. Still, he had a direct interest: he was entitled, in the event of success, to the tax fee. The recent cases of Stones v. Byron, and of Dunn v. Packwood, 1 B. C. Rep. 248, 312, are directly in point. These cases are referred to in the Law Reporter for July, 1847, p. 136, where the court, Patterson, J. in the one case, and Earle, J. in the other, laid down the doctrine broadly, that a man ought not to be advocate and witness in the same case. An apt illustration of the evil is to be drawn from the trial of Sir Thomas More. See Lives of the Chancellors, vol. 1, p. 580. The same principle has been recently decided, without qualification, in New York and Massachusetts. The decisions are not yet reported, but were published in the newspapers of the day.

PETERS, contra.

1. Though it does not appear, in so many words, from the transcript itself, that the judgment of March term, 1846, was set aside, yet this must have been done: or if not done, the plaintiff in error consented to waive it, by afterwards coming into court, reviving the suit in the name of McGehee as administrator, and proceeding to trial and judgment without objection. The court having jurisdiction, this consent waived the irregularity—*consensus tollet errorem*. Broom's Max. 36; Lucas v. Hitchcock, 2 Ala. 287; Id. 337; 3 Ala. 552; Id. 581; Id. 632; 1 Ala. 515; 7 Ala. 788.

An attorney is but an agent; and all agents, unless directly

interested in the event of the suit, are competent for either side.  Gullett v. Lewis, 3 Stew. 23; Stringfellow, et al. v. Mariott, 1 Ala. 573; 1 Greenl. Ev. 561, § 416, et seq.; see Stewart v. Conner, Dec. term, 1848.

The expectancy of the tax-fee does not disqualify: it is but a contingent and uncertain interest.  Clay's Dig. 236, 334.  Whereas the interest which renders one incompetent as a witness, "must be a present, certain and vested interest, and not an interest uncertain, remote and contingent." 1 Greenl. Ev. 535, et seq., § 390, 391, 392, 393, and cases cited; State v. Truss, 9 Port. R. 126.  It is true, an attorney might be said to have an interest in the subject matter of the suit he manages, but this does not render him incompetent as a witness.  5 S. & P. 426; 2 Port. 389; 2 Ala. 314.

DARGAN, J.—It appears that at the March term, 1846, a trial was had in this cause, between the plaintiff, and Galloway, as the administrator of Denton H. Valiant, and a verdict and judgment rendered for the defendant.  The next step appears to be a suggestion, that Galloway's term of office as sheriff had expired, and a motion was made for a *sci. fa.* against the representatives of the decedent when known.  A *scire facias* issued, and was executed on the plaintiff in error, and the parties appeared by attorney, and went into trial, the result of which was a verdict, and judgment in favor of the plaintiff below.  It is to be presumed that a new trial was granted by the court below.  The defendant, McGehee, appeared by attorney, and went to trial. We are to presume from this, that he was the administrator *de bonis non* of the deceased, and that he was regularly made a party to the suit, as he made no objection.  3 Ala. R. 581. There was no plea of a former trial filed by him, no objection made that he was improperly brought into court; but there is on file a declaration, and plea, and the parties go to trial without objection.  Under such circumstances, this court must presume, that the order for a new trial was omitted to be entered by mistake, or that the parties consented to set aside the verdict on the former trial, and neglected to have it entered on the record.  At all events, as there was no plea filed of a former trial, nor objection made in the court below,

that this cause had been previously tried, we cannot reverse the judgment rendered in favor of the plaintiff.

The second assignment of error is also untenable. It is the daily practice to permit attorneys to give evidence, which is usually of some matter arising in the progress of the suit: and the rule is well established, that agents, or attorneys in fact, may be examined on the part of their employers, unless their interest in the suit is made to appear; but that a witness is the agent, or attorney in law, or in fact, of one of the parties, does not disqualify him on the ground of interest.

The judgment is therefore affirmed.