## MORROW & NELSON v. PARKMAN and WEAVER.

1. It is a good plea in bar, to an action for the breach of a prison bounds bond, that previous to the breach assigned, or within sixty days after the execution of the bond, the prisoner surrendered himself to the sheriff, with the intention, *bona fide* of performing the condition of the bond, and discharging his sureties.

2. It is also a good plea, that the debtor continued a prisoner, within the prison bounds as established by law, according to the terms of his bond, until he was discharged by due course of law.

3. The condition of a prison bounds bond—that the debtor will continue a prisoner, until discharged by due course of law—is in legal effect the same, as if it had set out alternatively the different modes, by a compliance with either of which, the bond should become void. It is therefore not a sufficient answer to a specific breach of such a condition, to plead generally a performance of the condition; but it should be specifically stated, *how* the condition had been performed.

4. It cannot be assigned for error, that the court rejected testimony, if after the rejection, and during the progress of the cause, permission is given to introduce it, which the party declines to avail himself of.

5. An attorney at law, who is to receive a certain fee, is a competent witness for his client.

6. The fact, that an insolvent debtor, who had been discharged from imprisonment, by making the oath required by law, had a short time previously thereto, made a fraudulent disposition of his property, cannot be given in evidence, to invalidate his discharge.

97

Morrow & Nelson v. Parkman and Weaver.

7. A remark made by the judge trying the cause, that a charge which he gave in the terms required, was probably abstract, is not assignable as error.

Error to the Circuit Court of Dallas.  Before the Hon. N. Cook.

Debt, by the plaintiffs in error, on a prison bounds bond, executed by the defendants in error, and one Thomas J. Frow.  Breach assigned, the escape of defendant Parkman.

The defendants pleaded twelve pleas.  The first, third, sixth, and twelfth, plea, alledge in substance, that the defendant Parkman, surrendered himself to the sheriff of Dallas county, previous to a breach of the bond, with the intent to perform the condition, and discharge his sureties.

2. That Parkman continued a true prisoner, in custody of the keeper of the prison, and within its limits, until discharged by due course of law.

4. That at the time of the arrest, Parkman was an applicant by petition, to the district court of the United States at Mobile, for the benefit of the bankrupt law, and that the bond was executed by Parkman, and his sureties, as the only condition upon which he could be released from imprisonment.

5. That at the time of the breach of the condition of the bond, as alledged, he was an applicant for the benefit of the bankrupt law, and had been declared a bankrupt, and could not be lawfully held in confinement.

7. That before the time of the alledged breach, Parkman was discharged from arrest, by making oath before a justice of the peace, that the ground of his arrest was untrue, and that he had neither estate, &c. to satisfy the debt, and was thereupon released by the arresting officer.

8. Same as the preceding, with the addition, that Parkman rendered a schedule of his effects.

9. Performance generally.

10. Sets up the discharge in bankruptcy, and alledges, that the debt of the plaintiff was proveable under the commission, and was not one of the debts exempted by the bankrupt law from its operation.

11. Plea of discharge in bankruptcy generally.

The plaintiff demurred to the pleas, and his demurrer was sustained to the fourth, fifth, seventh, eighth, tenth, and eleventh pleas, and overruled as to the residue ; and issue being taken upon these pleas, a verdict was rendered for the defendants. From a bill of exceptions found in the records, it appears, that evidence was offered by the defendants, tending to prove, the surrender by Parkman of his body to the sheriff of Dallas, and of his making affidavit, and rendering a schedule in order to obtain his discharge, and of his discharge by the sheriff. The plaintiff, with the view of showing the intention with which Parkman surrendered himself, offered a petition presented by Parkman, to a circuit judge, praying a writ of *habeas corpus*, to obtain his discharge from imprisonment. The court, on the objection of the defendant, refused to permit it to be read, and the plaintiff excepted; but afterwards, and before the testimony was closed, offered to permit it to go to the jury, but the plaintiff then declined to introduce it.

The defendants offered Charles G. Edwards, Esq. one of their counsel, who stated, that his fee was not contingent, or in any way dependent on the success of the suit. He was permitted to testify, against the objections of the plaintiffs, and they excepted.

The plaintiffs offered to prove by one Ferguson, that the defendant Parkman, had property and moneys, at, and about the time he was taken originally with the *ca. sa.*, and also about the time he made the surrender to the sheriff: and also, that Parkman had a short time before his surrender, made a fraudulent conveyance of a great portion of his property. The defendants objected to this testimony, the objection was sustained, and the plaintiffs excepted.

The plaintiffs asked the court to charge the jury, that if Parkman did not surrender himself to the sheriff, for the purpose of being held by him under the *ca. sa.*, and with a *bona fide* intention to discharge his securities on the bond, that then the surrender did not discharge the bond. This charge the court gave, but remarked to the counsel, in the presence of the jury, that it was believed to be abstract. That it was difficult to conceive a case, when it would be applicable, if the person put himself in the full power, and custody of the

sheriff. But in charging, the court told the jury pointedly, that if the surrender was fraudulent, or colorable, it was void, and the bond was not discharged. The plaintiff excepted.

The plaintiffs also asked the court to charge, that if Parkman never went into the county jail, it was not a surrender, which charge the court refused to give, and the plaintiff excepted.

The several matters of law arising out of the bill of exceptions, and the overruling the demurrers to the first, second, third, sixth, ninth, and twelfth pleas, are now assigned for error.

G. W. GAYLE, for plaintiff in error.

1. The first plea is bad. It should show that Parkman surrendered himself to be kept and held by the *ca. sa.* See Morrow & Nelson v. Weaver & Frow, 8 Ala. 288.

2. It is not sufficient to say he "was discharged by due course of law." The particulars of the discharge must be set forth, so that plaintiff can show that the discharge was not by due course of law. See Morrow & Nelson v. Weaver & Frow, *supra.*

3. The 3d, 6th, and 9th pleas are bad, because they don't aver that the surrender was *bona fide.* Under these pleas, if the surrender was colorable, and the proof showed it, the plaintiff could not recover, because the issue would be the fact of surrender, when, if colorable, the plaintiff would have been entitled to a verdict. See Morrow & Nelson v. Weaver & Frow, *supra.*

4. The 9th plea is bad, because the manner of the performance is not shown, and because the plea is not in answer to the breach. See 3 Chitty's Pl. 985, plea, and notes K and M.

5. The court below erred in refusing to let Parkman's petition go before the jury, as it tended to show Parkman's surrender colorable.

6. The court below erred in refusing to allow proof of Parkman's having monies when arrested, and of making a fraudulent conveyance of his property, because these show him destitute of principle, and tend to show his discharge colorable.

7. The court erred in remarking to the counsel, in the hearing of the jury, as shown by the bill of exceptions, because it led them to believe, that if a man surrenders himself to the sheriff, it discharged the bond, whether that surrender was colorable or not.

8. The court below erred in allowing C. G. Edwards to be sworn in the case. It has been decided in England, and in Pennsylvania, that a lawyer in a cause cannot give evidence for his client. The decision is founded in good policy, and to elevate the profession. It is too common in Alabama, and should be stopped. The account of the decisions I have seen in a newspaper.

W. HUNTER, contra.

1. The rejection of the petition—even if it was relevant, which is denied, all error was cured by the subsequent permission to introduce this evidence.

2. There was no error in permitting the counsel to testify. See Magee v. Hansell, 13 Ala. 17.

3. The evidence that Parkman had monies, or made a fraudulent assignment, about the time of the surrender, was clearly irrelevant. Those things had not the slightest legal connection with the surrender, and could only have improperly prejudiced, and misled the jury as to the real point in issue.

4. In the expression of the judge to the counsel, as to the charge given, or in refusing to give the last charge there was clearly no error.

COLLIER, C. J.—The first, third, sixth, and twelfth pleas substantially alledge, that the defendant, Parkman, surrendered himself to the sheriff of Dallas, previous to the breach of the bond declared on, within sixty days after its execution, with the intention *bona fide* of performing the condition, and discharging his sureties. These facts constitute an available defence to the action, and a plea which sets them out, in proper manner, must be good. Morrow & Nelson v. Weaver & Frow, 8 Ala. Rep. 288.

It is alledged in the second plea, that Parkman continued a prisoner within the prison bounds as established by law,

according to the terms of his bond, until he was discharged by due course of law. This plea is a direct answer to the breach averred, that he did not remain within the prison limits, until legally discharged, but went beyond the same; and consequently was well sustained by the circuit court.

Where an action is brought on a bond for the performance of several specific things, it has been held that a plea of performance generally, is bad on demurrer; for the particulars being expressed in the condition, the defendant should plead specially to each. This rule it is said admits of relaxation, where the subject comprehends such multiplicity of matter as would lead to great prolixity: so where the condition is for the performance of matters set forth in another instrument, and these matters are in an affirmative and absolute form, and neither in the negative or disjunctive, a general plea of performance is sufficient. And where a bond is conditioned for indemnifying the plaintiff from the consequeces of a certain act, a general plea that he has not been damnified, is proper, without showing how the defendant has indemnified him.

But it is said that this general mode of pleading will be improper, where the covenants or other matters mentioned in the collateral instrument, are either in the *negative* or *disjunctive* form; and with respect to such matters, the allegation of performance should be more special, so as to apply exactly to the tenor of the collateral instrument. The reasons why the general allegation of performance does not properly apply to *negative* or *disjunctive* matter are, that in the first case the plea would be indirect, or argumentative in its form—in the second, equivocal. In either, it would be objectionable for want of particularity and certainty. Step. Pl. 334, *et seq.;* 359, *et seq.*

In debt or covenant on a bond, conditioned for the performance of covenants, if all the covenants are in the affirmative, the general plea will be sufficent. Bailey v. Rogers, 1 Greenl. 186. Covenants performed, is a good plea, where the covenantor stipulates for the doing or performing any particular act, but where the breach of covenant depends upon the happening of an extraneous collateral fact, such a plea is not good. And it has been held, that where a covenant

includes a variety of matters to be performed, &c. the aver-
ment of performance should set forth in detail, how it has
been done.    Young v. Whitaker, 6 Monr. Rep. 325.    So if
the defendant has been prevented from performing, he should
state in what manner.    Read v. Cisney, 4 Lit. Rep. 137.

In the Commonwealth v. Gower, 4 Litt. Rep. 280, it was
decided, that although it was competent for the defendant to
plead performance generally to affirmative covenants, yet
where the declaration alledges a specific breach, it is incum-
bent on the defendant to respond specifically, and not pro-
tract the pleadings by throwing on the plaintiff the necessi-
ty of repeating in a replication, the breach alledged in his
declaration before an issue is formed.    See also, Common-
wealth v. Miller & Gray, 5 Monr. Rep. 211.

The condition of the bond in the case before us, required
Parkman to continue a prisoner within the prison bounds of
Dallas, until he was discharged by due course of law.    Here
the undertaking of the defendants was in terms affirmative,
yet the law prescribes several modes in which their princi-
pal might be discharged from the obligation of his bond.    In
legal effect, then, the condition is the same as if it had set
out these disjunctively, as so many alternatives, by a com-
pliance with either of which the bond would become void.
This being so, and the declaration alledging a specific breach,
according to the authorities cited, the defendants should have
pleaded specially, how their undertaking had been perform-
ed, or its obligation discharged.    The ninth plea in this re-
spect is defective, and the demurrer to it should have been
sustained.

It is difficult to perceive what effect Parkman's petition
for a *habeas corpus* to the judge of the circuit court could
have upon the issues submitted to the jury; but if it was
pertinent and material, the error of its rejection was repaired
by the subsequent assent of the defendants to its admission;
and this although the plaintiff refused to avail himself of it.

The objection to the testimony of Mr. Edwards, was plac-
ed upon the broad ground that he was the defendant's coun-
sel; for it is shown affirmatively that the amount of his com-
pensation was not contigent, depending upon the result of
the cause.    We have heretofore considered whether the re-

jection of a witness thus situated, is demanded by considerations of public policy, and have held that an attorney and counsel in a cause may be examined as a witness, where he is not interested in the event.

Conceding, that Parkman may have made a fraudulent transfer of his property, about the time of his arrest under the *ca. sa.*, and the defence set up by his sureties is not in any manner impaired. Property thus disposed of may be subject to his debts ; or he may be answerable criminally, if he has obtained a discharge by falsehood or fraud. But a fraud in this respect does not tend to negative the fact of the *bona fide* surrender of the debtor's person to the sheriff, or the regular administration of the oath of insolvency, and the consequent order for his release. From this view it results, that the refusal to permit the witness, Ferguson, to narrate the facts proposed was altogether proper.

The charge of the circuit court, in respect to the intention of Parkman, in surrendering himself to the sheriff, was confessedly proper, but it is objected that the judge should not have said to the counsel, in the presence of the jury, that the question whether his surrender was colorable was believed to be abstract, and that it was difficult to conceive a case of a colorable surrender, where the debtor gave himself up to the sheriff. If the facts did not throw suspicion over the *bona fides* of the debtor's intention in surrendering his person, the sheriff recognized him as his prisoner, and he admitted himself in custody, we agree with the circuit court, that it is not easy to perceive upon what ground the surrender can be held to be simulated. Even if these remarks had been addressed to the jury instead of the counsel, we cannot think they would have been improper. They were perhaps nothing more than a proper caution, to direct their inquiries in considering the effect of the charge upon the evidence, leaving them to consider the charge as a declaration by the court of the law on the point.

For overruling the demurrer to the ninth plea, the judgment is reversed and the cause remanded.