## QUARLES *vs.* WALDRON AND WIFE.

1. On grounds of public policy, an attorney at law may be a witness for his client, when he has no other interest in the event of the suit than such as concerns his fees, and they are not contingent in their nature.

2. A demurrer to a declaration cannot properly be said to be a *plea to the merits*, except in cases where a judgment on the demurrer in favor of the defendant would be a bar to a subsequent suit on the same cause of action; and this can never be the case where the declaration is defective only for the want of some necessary averment.

3. In assumpsit by husband and wife jointly, for the use of the wife, when the declaration does not aver that the promise was made to the wife *dum sola*, nor that she was in any way the meritorious cause of action, it is demurrable; but if judgment is rendered by default against the defendant, and afterwards set aside on condition that he shall *plead to the merits*, the condition is not complied with by filing a demurrer, and assigning as cause of demurrer the want of such necessary averments in the declaration.

ERROR to the Circuit Court of Wilcox.

Tried before the Hon. E. Pickens.

This was an action of assumpsit brought by Waldron and wife (for the use of the wife) against the plaintiff in error, for board, &c., furnished to him and his family. The declarations contains only the common counts of *indebitatus assumpsit* and *quantum meruit* for board, &c., furnished plaintiff in error. At the March Term, 1851, there was a judgment by default rendered against the defendant below. This was set aside on his motion, the court annexing the condition that he should plead to the merits.

After this, the defendant demurred to the declaration, assigning as cause of demurrer that the husband and wife had been improperly joined in bringing the action. This demurrer the court overruled, or rather refused to consider, upon the ground that it was not a plea to the merits, and did not fulfil the condition imposed by the court on setting aside the judgment by default.

An objection was made to the testimony of Mr. Sellers, who was attorney for the plaintiffs below, on the ground of interest. There was no proof that he had any interest in the event of the cause, other than as an attorney for his fees,

14

which were not shown to be contingent. He replied, in answer to a question to that point, that if plaintiff succeeded he would probably get his fees, and if he did not succeed that he probably would get nothing, as plaintiff was indigent.

The court overruled the objection to his competency as a witness.

The overruling the demurrer and the admission of the testimony of Sellers are assigned for error.

WATTS, JUDGE & JACKSON, for plaintiff in error.

1. The demurrer to the declaration should have been sustained. To authorize the husband and wife to maintain an action in their joint names, the declaration must show either a promise made to the wife whilst *sole*, or that she is the meritorious cause of the action in some other way. See Chitty's Pl. 202, top page, and 30, 31 marginal page.

2. A demurrer is a plea to the merits. See Perkins v. Moore, 16 Ala. 17, and the authorities there cited.

3. The witness Sellers was interested in the event of the suit. See Carter and others v. Mundy, 12 Ala. 132.

C. C SELLERS, *contra.*

PHELAN, J.—On the question of the competency of Mr. Sellers as a witness for plaintiffs below, the cases of McGehee v. Hansell, 13 Ala. 17, and Morrow *et al. v.* Parkman *et al.,* 14 Ala. 769, are conclusive. On grounds of public policy, an attorney may be examined as a witness for his client in a cause in which he is employed, if he has no other interest in the event of the suit than such as concerns his fees, when these are not contingent.

Was the demurrer of the defendant below a *plea to the merits,* within the terms of the condition imposed by the court on setting aside the judgment by default?

A plea to the merits is one that goes to the substance of the action, and if successful will bar any future action founded upon the same cause of action. Had the declaration in this case shown, by proper averments, that the contract for board, &c., was made by defendant with the wife *dum sola,* or that she was in any way the meritorious cause of action, the

demurrer must have been overruled. And had judgment been given for the defendant in this action on the demurrer, and plaintiffs had brought another action, and fileda declaration containing the averments, which were wanting in this to make it good, the judgment on the demurrer, in this action, would have been no bar to a recovery in such subsequent action. This test will sufficiently show, that the demurrer in this case was not a plea to the merits, and therefore the court properly rejected it, under the conditions imposed on the defendant in setting aside the judgment by default, that he should plead to the merits. In support of the principles above stated, see Gould P. 478; 1 Chitty P. 198; Perkins v. Moore, 16 Ala. 17.

Ther is no error in the record, and the judgment below is affirmed.