## A. J. (M. M. J.) O'BANNOR *v.* M. F. (M.) CORD.

[Abstract Kentucky Law Reporter, Vol. 1—398.]

**Claim Against Estate of Deceased Person.**

Where money or property comes into the hands of an administrator and is not accounted for and paid over to those persons entitled to it, and a new administrator is appointed, it becomes his duty to proceed by suit or otherwise to collect such assets from the former administrator and the sureties on his bond.

**Right of Judgment Creditor to Sue on Bond of Administrator.**

A judgment creditor against an estate where there is an administrator acting for such estate, who has not refused to enter suit against a former administrator and his surety to recover assets coming in the former administrator's hands, cannot legally maintain a suit to collect such assets.

APPEAL FROM BATH COURT OF COMMON PLEAS.

November 11, 1880.

OPINION BY JUDGE HARGIS:

October 4, 1850, James E. Walker executed his promissory note to his son, James C. Walker, for the sum of $140, due twelve months after date. The payee signed the note to Wm. H. Cord, September, 1851. And some time thereafter, it does not appear when, the latter assigned it to M. F. Cord in these words, undated: "pay to M. F. Cord pursuant to contract between us," signed, W. H. Cord.

On that note M. F. Cord, who, it is contended, is the wife of Wm. H. Cord, but that fact does not appear in the record and it cannot be considered, brought suit against him as administrator of said James E. Walker, the obligor in said note, in the Bath Court of Com-

mon Pleas, November 1, 1877, twenty-six years after it fell due. To her petition the administrator entered his appearance and interposed a demurrer, which was overruled, and he failing to plead further a judgment was rendered against him for the amount of the note and interest.

It was alleged in her petition that the administrator, Wm. H. Cord, in 1863 and several times thereafter, promised to pay the note, that he still recognized its validity as existing in full force and virtue, and as administrator promised its payment still. An execution was issued on her judgment and returned *nulla bona.*

She then filed a petition in equity against said Wm. H. Cord, as the real administrator and personal representative of James E. Walker, and James C. Walker and Alexander J. O'Bannor, stating that the defendant, Wm. H. Cord, was appointed administrator of James E. Walker by the Fleming County Court in 1863; that the defendant, J. M. Walker, was appointed his administrator also by said court in 1869, and executed bond with the defendant O'Bannor as his security; and that said court in 1877 revoked and set aside the appointment of the defendant, J. M. Walker, as administrator, and recognized Wm. H. Cord as the real administrator, who gave additional security on his bond.

She averred that assets had come to the hands of defendant, James M. Walker, while he was acting as administrator, and sought judgment against him and O'Bannor for a sum sufficient to pay her judgment against the defendant, Wm. H. Cord, as administrator, obtained in the common-law action above mentioned.

Again the defendant, Wm. H. Cord, entered his appearance, waived answer, and the cause was submitted. No process was served upon the defendant, J. M. Walker, but it was executed on O'Bannor, who failed to appear. A judgment was rendered in her favor against the defendant, O'Bannor, for the sum of $370, and he has appealed.

The first question of serious importance is: Can the appellee maintain an action against the security of J. M. Walker on his bond executed under a void appointment, which has been so adjudged by the Fleming County Court, but where no question is raised to that judgment? It is urged, however, that no assignment of error has been sufficiently made to raise this question.

The third assignment is in this language: "Appellant had no right to bring this action in which said judgment was rendered

against appellant. The right of action, if any, was in the administrator of James E. Walker." While the word "appellant" is used in the first part of it for the word "appellee," still we think it is sufficient.

The second assignment complains that the petition does not state facts sufficient to constitute a cause of action against him. Taken together we think the errors assigned raise the question. The appellee and her legal advisers evidently labored under the belief that a judgment by default against the administrator, Cord, and a return of *nulla bona* upon an execution issued thereon, established a *devastavit* against him, and therefore she would have the right to institute this action.

While that may have been the effect of such a judgment and return as it is claimed was held in *Walker v. Kendall,* Hardin, 404, that is not the law now. By Sec. 31, Chap. 39, General Statutes, it is provided that: "No personal representative shall be liable for more than the amount of assets which have or may come to his hands to be administered on account of having failed to plead or make defense, etc., but the judgment of the court shall only render him liable for the amount of assets in his hands unadministered." Such a judgment never did bind or conclude anyone but the administrator suffering it, as to assets. *Hobbs v. Middleton,* 1 J. J. Marsh. 176.

His sureties were left free to plead the facts whether he had received assets or not, and, if any, what amount, before the statute, supra. Since its passage the administrator is in the same attitude as his sureties as to that question. Now as judgment and return of *nulla bona* do not convince the administrator of willful waste of the property, direct abuse, maladministration or neglect, then it seems to us that in order to maintain an action by a creditor to recover the value of assets of the deceased from any person, other than the legal administrator, some equitable ground should be shown affecting the debtor and administrator authorizing such an undertaking upon the part of the creditor.

It is the duty of the administrator to collect the assets of the decedent and pay his debts with them, and creditors cannot usurp the discharge of such duties. The creditor in this case has not alleged any default, neglect, refusal or inability upon the part of the legal administrator to take proper steps, either by suit or otherwise, to collect or recover the assets of the decedent, that may have been converted by the defendant, J. M. Walker, under color of administra-

tion. Nor is any collusion upon the part of the administrator and supposed debtor alleged.

In the case of *McChord v. Fisher,* 13 B. Mon. 196, speaking of suits to recover the unadministered estate of the intestate or to collect debts, the opinion declares that "such suits can only be maintained by the personal representative who has qualified as such, if there be one, or if not, by one or more to be appointed to administer, except in cases where the distributees may sue in equity to recover the estate, or portions thereof, because the administrator refuses to administer upon the estate sued for or to prosecute suits for the recovery thereof."

It was decided in *Ewing's Heirs v. Handley,* 4 Litt. 346, that creditors may recover assets for the administrator where he will not or cannot himself recover them. In the cases of *Griffith v. Commonwealth,* 1 Dana 270; *Montmolin v. Gaunt,* 5 Dana 405; *Pilkington's Ex'x v. Gaunt,* 5 Dana 410, cited by appellee's counsel, the proceedings were against the legal representatives for a failure of duty in the two last cases, and in the first to render him responsible for goods, etc., that came to his knowledge but were not collected.

The case cited of *Hefferman v. Forward,* 6 B. Mon. 567, decided that a creditor might bring a suit in equity against the heirs where there had been no administration for twelve months. There has been no case cited, nor have we been able to find any where a creditor could institute suit to recover the unadministered estate or collect debts, without showing that the administrator, with knowledge of the existence of assets, failed or refused to collect them. There is no averment in the petition that the administrator, Cord, was even unaware of the claim alleged to exist against the defendant, J. M. Walker, and his surety, O'Bannor, or that this action was necessary to the discovery of it. There is no fact alleged in the petition showing that the object of the action was for a discovery of any property to which the defendant, Wm. H. Cord, was entitled as administrator. But the purpose of both actions was to secure a judgment upon a stale demand assigned by the administrator, himself, in his individual right, to the plaintiff so that he could confess judgment, which he did do, without service of process upon him.

Without all this circumlocution the administrator, Cord, had the the bond executed by him under the appointment of the Fleming county court for the recovery of any assets belonging to the intestate, as the bond is based upon a valid consideration and is not contrary

to public policy or the express letter of the law, and therefore it is a good common-law bond. Should he recover, it will become his duty to use the amount recovered in payment of the bona fide debts of the intestate, and in performance of the requirements of law.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. S. Hurt, for appellant.*

*M. M. Teager, J. M. Nesbitt, R. Gudgell, for appellee.*