## FRAZER, USE OF CHENOWITH, vs. YEATMAN.

1. Unless a bill of exceptions shews the evidence, the instructions of the circuit court based upon the evidence, will be presumed to be correct.

2. If one part owner of a steam boat invite a person to take an excursion upon the boat, he and not the person invited, will be liable to the other owners.

### ERROR to St. Louis Court Common Pleas.

BEATTY, *for plaintiff.*

CROCKETT & BRIGGS, *for defendant.*

McBRIDE, J., *delivered the opinion of the Court.*

Frazer the plaintiff who sues to the use of F. G. Chenowith, brought an action of assumpsit in the court of Common Pleas of St. Louis county, against the defendant, James E. Yeatman. Plea, non-assumpsit.— Plaintiff took a non-suit, with leave to move to set the same aside, which he did, and his motion having been overruled, he excepted, and brought the case here by writ of error.

The bill of exceptions sets out the evidence which conduces to show, that in January or February, 1845, the defendant and his family went as passengers, on the S. B. Hannibal, from St. Louis to New Orleans, and back to St. Louis, for which he was charged $115. That the charge

was reasonable, and made so in consequence of the relation borne by defendant to one of the part owners. The plaintiff was captain and master of the boat at the time the trip was made, but not at the time when the suit was brought.

The bill of exceptions then proceeds to state, that "the defendant then offered to read in evidence the deposition of Harrison B. McKay, to which the plaintiff objected on the ground of irrelevancy, but the court overruled the objection, and the deposition was read in evidence, to which the plaintiff excepted. No other material evidence was given."

Thereupon the plaintiff asked the court to give the jury the following instruction: If the jury believe from the evidence, that the defendant was invited to take passage on the boat Hannibal, by one or more of the owners, without the assent of the other owner or owners, this is not a defence to this action. The court refused to give the instruction, but in lieu thereof instructed the jury that if they believed from the evidence, that the defendant was invited by any of the part owners of the steamboat Hannibal, to take the passage on board of said boat, to recover pay for which this action is brought, they will find for the defendant. The plaintiff excepted to the ruling of the court in refusing to give the instruction asked for by him, and also excepted to the instruction given by the court.

The plaintiff then took a non-suit with leave to move to set the same aside, which he did, and his motion having been overruled by the court, he excepted thereto, and sued out a writ of error from this court.

It will be seen that from any thing to the contrary appearing in the record, the instruction asked and refused, as well as the instruction given, presented an abstract question, wholly outside of the case. There is no evidence whatever of any pretext that the defendant went on board of the boat as a guest under an invitation given to him by one or more of the part owners of said boat. But we are left to infer that there was some such evidence in the deposition, which the defendant read in evidence to the jury, and to the reading of which the plaintiff objected, because the same was irrelevant. That deposition is not embodied in the bill of exceptions, nor copied any where in the record; how is this court then to ascertain, whether it was properly permitted to be read as evidence to the jury, or, that it raised the question embraced in the instructions?

If however the question raised by the instructions was properly saved in the bill of exceptions, we are not prepared to say that the court of Com-

mon Pleas erred in expounding the law. Although the part owners of a steamboat are tenants in common, and one tenant in common cannot dispose of the vested legal interest of his co-tenant, yet he may appropriate to his own use more than his equal share of the profits accruing from such common property, he being liable over to his co-tenant for the excess. If therefore the defendant took passage on the steamboat Hannibal, under an invitation given to him for that purpose, by one or more of the part owners, the part owner thus giving the invitation, and not the defendant, would become liable to the other part owner.

The judgment of the court of Common Pleas is affirmed.