WALLACE vs. BOSTON.

1. Partial failure of consideration could not under the act of 1845 be given in evidence in an action on a note, under the general issue, without notice.

2. It is only necessary to set out in a bill of exceptions so much of the evidence as conduces to establish a fact, upon which a principle of law is raised.

## ERROR to Carroll Circuit Court.

KELLY, *for Plaintiff in error, insists :*

That the court erred in admitting evidence under the general issue of *nil debit,* without notice, to show a failure of consideration. See Steinback vs. Ellis, 1st Mo., 293; Rev. Code, Article 7, sec. 19 of Practice at Law.

That quiet possession of land from the vendor to the vendee, is sufficient consideration at law, to give a recovery of the purchase money. See Brown, *et al.* vs. Reeves, *et al.,* 7th Martin's Louisiana Rep., 235; Ott vs. Garland, 7th Mo., 28.

That when there is a covenant for title, to make a want of consideration a good defence at law, the vendee must show the inability of the vendor to refund the purchase money. See Bluffey vs. Brickey, 5 Mo., 395.

ABELL, *for Defendant in error, insists :*

1. The bill of exceptions does not show, nor pretend to show, all the testimony given in the cause. This Court therefore will not reverse the judgment of the Circuit Court. See Hughes vs. Ellison, 5 Mo. Rep., 110.

2. If the bill of exceptions does contain all the testimony in the cause, then it is clear the judgment is correct; because the bill of exceptions does not show, that any testimony was given to prove the assignment of the note, or that the assignment or the note, was read in evidence to the jury.

McBRIDE, J., *delivered the opinion of the Court.*

Wallace, as an assignee of Langford, brought his action by petition and summons in debt, against Boston, on a promissory note for $133, due twelve months after date, and dated the 22d August, 1842. Plea, *nil debit.*— Judgment for the defendant. Motion in arrest and for a new trial, which was overruled, and exceptions taken, and the case brought to this Court by writ of error.

Upon the trial in the Circuit Court, the defendant offered evidence to prove, that the note sued on, was given in consideration of a tract of land purchased by him from Langford; that Langford had executed his title bond for the conveyance of said land, by a good and sufficient deed, when the defendant should pay the purchase money; that the land was patented by the government to one Bayne S. Berry, and there is no evidence on record of any conveyance from Berry to Langford or any other person, of said land; that a certain William S. Smith undertook, by deed, to convey the said land to E. D. Sappington, who conveyed to Langford. To the introduction of the foregoing evidence, the plaintiff excepted, but his exception was overruled by the court.

The plaintiff then introduced evidence to prove, that the defendant was in the quiet and peaceable possession of said land, and prayed the court to give to the jury the following instructions:

1. That should the jury believe the said defendant is in possession of the land, for which the note sued upon was given, and that he purchased said land from said Langford, and that said possession is quiet and undisturbed, they will find for the plaintiff.

2. That should the jury believe, that said defendant holds said Langford's title bond, and that said defendant is in possession of said land from said Langford, they will find for the plaintiff.

The instructions were refused by the court and the plaintiff excepted,

At the instance of the defendant, the court instructed the jury as follows:

1. That if they find from the evidence, that the note sued on was a part of the consideration of a tract of land, and that the title to said land was conveyed by the government of the United States to Bayne S. Berry, then, unless they find from the evidence, that Jesse Langford, the assignor of the note, has a chain of title from Berry to him, they will find for the defendant.

2. The patent read in evidence, proves that the government of the United States conveyed the land to Bayne S. Berry, and there is no

evidence before the jury, that the title to said land has passed from said Berry.

3. The plaintiff has produced no evidence of title in Jesse Langford, the assignor of the note.

To the giving of which the plaintiff objected and excepted.

The following questions are presented for the decision of this Court: 1. Did the Circuit Court err in admitting evidence under the general issue, without notice, to show a failure of consideration of the note sued upon? 2. Did the court err in refusing to declare the law to be, as asked for by the plaintiff?

A preliminary question is raised by the defendant, which does not arise on the record and which we presume was not presented to the court below, and cannot therefore receive any favor in this Court. It is contended that the judgment of the Circuit Court should not be reversed, because the record contains no evidence given in that court, to prove the assignment of the note sued upon, nor any that the note or assignment thereon, was read to the jury. If in point of fact, the assignment was not proved, and the note was not read to the jury, and the defendant intended to rely for a defence, upon such omission, he should have raised the question in the Circuit Court, when that court, in the exercise of a legal discretion, might have permitted the plaintiff to make the proof necessary to the admission of the note in evidence, or have non-suited the plaintiff for failing to make such proof. The question not having been made and decided by the Circuit Court, cannot be raised in this Court and made the subject of error.

The only plea in this case being the plea of *nil debit*, we are of opinion that the Circuit Court committed error in permitting the defendant to introduce evidence for the purpose of showing a partial failure of the consideration of the note sued upon. If the defence was available at all, the defendant to entitle himself to make it, should have pleaded it specially, thereby giving the plaintiff notice of the real defence in the case.— But whether a partial failure of consideration can be interposed, as a defence in an action at law, under any state of pleadings, has been decided both ways by the courts; which is the better opinion, it is not necessary now to decide, as our law permits the defence when it is set up by a special plea, or a notice given that it will be relied upon under the general issue. R. C., 1845, 832, § 19. In the case under investigation, the pleadings in which were made up prior to the taking effect of the above statute, manifest injustice might be done the plaintiff, by permitting the defendant to set up a partial failure of consideration of

the note sued upon, growing out of a defect in the title of the land for which it was given. The defendant is in the quiet and undisturbed possession of the land, and should not be permitted to hold such possession, which may never be disturbed, and at the same time withhold the payment of the purchase money. If there be in fact any defect in the plaintiff's title, for the whole or any part of the land, or if the plaintiff be not responsible upon his covenant for title, then the proper remedy for the defendant, is a resort to a court of chancery, which is fully competent to perfect the title, if it can be done, or compensate the defendant for any partial loss he may sustain, or rescind the contract and enjoin the collection of the purchase money. Thus doing full and complete justice between the parties, according to the exigency of the case.

If the foregoing view of the subject be correct, it results that error has been committed to the prejudice of the plaintiff, and that the verdict and judgment should be set aside and a new trial had in the premises.— Upon the return of the case to the Circuit Court for a re-trial, that court should permit the defendant to amend his pleadings in conformity with the statute heretofore referred to, so that he may avail himself of the defence *now* authorized by law.

Another point is raised by the defendant's counsel, which it may be well here to notice, as it may tend to correct an erroneous impression which we find counsel generally laboring under. It is only necessary for a bill of exceptions to contain a brief summary of that portion of the evidence which conduces to the establishment of a fact, upon which a principle of law is raised, thereby showing that the question of law presented to the court, grows out of the evidence and is not irrelevant to the issue.

Judge NAPTON concurring herein, the judgment of the Circuit Court is reversed and the cause remanded.

Judge SCOTT did not sit in this cause.