## KEEP *vs.* KELLY & LEVIN.

[ACTION ON PROMISSORY NOTE—CONSIDERATION OF CONTRACT.]

1. *Presumption in favor of charge of court.*—Where the bill of exceptions does not purport to set out all the evidence, it will be presumed that a general affirmative charge was sustained by sufficient proof.

2. *Promise to give indulgence to debtor.*—An agreement under seal, whereby several creditors, at the request of their common debtor, covenant and promise to grant indulgence on their respective debts, and to forbear suit for the term of two years, and that the debtor shall be discharged from the debt of any creditor who may violate the agreement, is without consideration, and constitutes no defense to an action by one of the creditors.

3. *What instruments import consideration.*—A covenant which is not the foundation of the suit, but which is set up as a defense, does not import a consideration.

APPEAL from the Circuit Court of Dallas.

Tried before the Hon. ANDREW B. MOORE.

THIS action was brought by Kelly & Levin, in March, 1854, and was founded on the defendant's promissory note for $100, "dated at Bath, Feb. 21, 1852, and payable six months after date, at either bank in Boston, to the order of Kelly, Levin & Co." The defendant pleaded the general issue, payment, accord and satisfaction, and a special agreement under seal which is hereinafter described. On the trial, as appears from the bill of exceptions, after the plaintiffs had read in evidence the note declared on, the defendant offered in evidence, after proving its execution, an instrument in writing in these words :—

"To all persons to whom these presents shall come, the undersigned send greeting. Whereas James W. Keep, of

Bath, is indebted to us severally, in divers sums of money, which he is at present unable to pay, know ye, that each of us severally, at his request, do, by these presents, give and grant to said Keep full and free liberty, license and right to attend to and transact any business affairs, at all places, without let, suit, or any impediment on our part, to him or his property of any kind, for and during the term of two years from this date ; and we severally covenant, to and with said Keep, that we severally shall and will not, during the time aforesaid, sue, arrest, attach, or prevent said Keep, on account of our respective debts ; and [if] trouble, damage, or hinderance shall happen to said Keep, or to his estate or property, by any one of us, or by any one else by our means or procurement, on account of said debts, contrary to the true intent and meaning of these presents, then said Keep, by virtue hereof, shall be forever discharged and acquitted from all manner of claims, debts, dues, or demands, which such of us may have or claim against him as shall, by themselves or by any one else by their means, sue, arrest, attach, hinder, or meddle with said Keep, or with his property, chattels, or estate, during said term of time, In witness whereof, we have hereunto set our hands and seals, this 12th day of June, 1852." (Signed by the plaintiffs, with several others, but not by the defendant.)

" The court then charged the jury, that under the evidence they must find for the plaintiffs"; to which charge the defendant excepted, and which he now assigns as error.

S. R. BLAKE, for the appellant.—1. The covenant was supported by a sufficient consideration, and was valid and binding.—Smith on Contracts, 101, (180); Morton v. Barnes, 7 Ad. & El. 19 ; Forth v. Staunton, 1 Saunders, 210 ; Smith v. Algar, 1 B. & Ad. 603 ; Willatts v. Kennedy, 8 Bing. 5 ; McLane v. Miller, 10 Ala. 857 ; 2 Michigan, 408 ; 1 Johns. Cases, 22 ; Ferguson v. Hill, 3 Stew. 485 ; Bank v. Darrington, 9 Ala. 953.

2. The instrument itself, being under seal, imported a consideration, unless impeached.—Code, § 2230 ; Smith on Contracts, 69–73 ; Alsobrook v. Sutherland, 2 S. & P. 270.

3. Under the facts proved, the question of the sufficiency of the consideration should have been submitted to the jury.

Wm. M. Byrd, *contra.*—1. The bill of exceptions does not set out all the evidence, and therefore the charge cannot be held erroneous.—Gaines v. Harvin, 19 Ala. 491 ; Patton v. Hayter & Johnson, 15 Ala. 18.

2. The covenant set up in defense of the suit is without consideration, so far as the defendant is concerned, and operative only between the creditors.

3. The covenant cannot be pleaded in bar. The remedy, if any, is by an action on the instrument itself.—Winans v. Houston, 6 Wendell, 471; 1 Lord Raymond, 419, 691; Cro. Eliz. 352; 6 Bing. 547 ; 2 Salk. 573 ; 3 Lev. 41 ; 2 Bulstr. 95, 290 ; 1 Rolle's Abr. 939.

STONE, J.—1. The sufficiency of the proof to sustain the plaintiff's action in this case, is not presented in such form that we can consider it. The bill of exceptions does not purport to set out all the evidence ; and the rule in such case is, that we must presume the evidence, if set out, would sustain the charge.—Gaines v. Harvin, 19 Ala. 491.

2. The promise to indulge, copied in the bill of exceptions, is, so far as the proof discloses, without consideration and void.—Agee v. Steele, 8 Ala. 948; Morton v. Barnes, 7 Ad. & El. 19 ; Comegys v. Booth, 3 Stew. 14 ; Wilson v. Bank, 9 Ala. 847 ; Carpenter v. Devon, 6 Ala. 718.

3. The written contract offered in defense, is not the "foundation of the suit," and, in this case, does not import a consideration.—Code, § 2278.

There is no error in the record, and the judgment of the circuit court is affirmed.