# BRADLEY *vs.* ANDRESS.

[APPLICATION FOR PROBATE OF NUNCUPATIVE WILL.]

1. *When decision of probate judge is revisable.*—Where it is the legal duty of a probate judge to try the facts, and to apply the law to them, his decision is revisable on error; but even in such case, the appellate court cannot revise his decision on the facts, unless all the evidence on which he acted is properly brought before it.

2. *What constitutes record.*—Where the record contains no bill of exceptions, and the evidence is not incorporated in the decree itself; but there is an agreement of counsel, entered of record, to the effect "that all the testimony in the cause, which testimony has been reduced to writing by the probate

Bradley v. Andress.

judge as given in on the trial, be, and the same is hereby, made part of the record, to go up to the supreme court, in the same manner, and with the same effect, as if fully set out in the decree of the court,"—the testimony must either be set out in the agreement, or so identified as to leave no room for mistake in the transcribing officer.

3. *Costs.*—When the probate of a will is contested by an administrator previously appointed, the costs are properly adjudged against him individually, if he fails ; but, if he acted in good faith, he is entitled to reimbursement out of the estate on settlement of his accounts.

APPEAL from the Probate Court of Monroe.

IN the matter of the nuncupative will of Mrs. Martha Andress, deceased, which was propounded for probate by the appellee, and contested by the appellant, who had been previously appointed administrator of her estate. It is unnecessary to notice the pleadings in the cause, since the court here decides nothing concerning them. The issue being submitted to the judge, without a jury, he decided in favor of the validity of the will, ordered it to be admitted to probate, and adjudged the costs against the administrator individually. The record contains no bill of exceptions. The decree recites, that several witnesses were examined, "whose testimony was reduced to writing by the court ;" but the evidence, though incorporated in the transcript, is not set out in the decree. There is an agreement of counsel shown by the record, to the effect "that all the testimony of all the witnesses examined in the case, which testimony has been reduced to writing by the judge as the same was given in on the hearing of the cause, be, and the same is hereby, made part and parcel of the record, to go up to the supreme court, in the same manner, and with the same effect, as if fully set out in the decree of the court."

The rulings of the court, in admitting the will to probate, and adjudging the costs against the administrator individually, are now assigned as error.

S. J. CUMMING, for the appellant.

WATTS, JUDGE & JACKSON, *contra.*

RICE, C. J.—The doctrine, that when the judge tries

the facts of the case, his decision is not revisable, does not extend to cases in which it is his legal duty to try the facts and apply the law to them, and in the discharge of which duty he mistakes or misapplies the law. In such cases, he does not occupy only the position of the jury; and if he errs, his error is not merely an error as to fact, but an error as to the law.—Shaw v. Beers, 25 Ala. 449; Boling v. Boling, 22 Ala. 826.

But, even in such cases, when the correctness of his decision depends upon the proof, it cannot be revised in this court, unless all the evidence on which he acted is in some proper mode made part of the judgment or decree itself, or set forth by bill of exceptions, or in some legally authorized agreement of the parties.—Smith v. King, 22 Ala. 558; Gordon v. McLeod, 20 Ala. 242; Barnes v. Mobley, 21 Ala. 232; Williams v. Gunter, 28 Ala. 681.

The evidence upon which the court below decided the several issues in this case, is not set forth in any of these modes; nor does the record authorize us to say, that we are judicially informed that the matters which appear in the transcript are the matters, *and the only matters*, which were in evidence in relation to those issues. The settled rule is, that whenever it is intended to incorporate in a decree or bill of exceptions, or in an agreement designed to operate as a substitute for a bill of exceptions, any writing read or offered in evidence, it is indispensable to set it out therein, or so to describe it "by its date, amount, parties, or *other identifying features*, as to leave no room for mistake in the transcribing officer."—Branch Bank at Decatur v. Moseley, 19 Ala. 222; Barnes v. Mobley, *supra*.

As the rules above stated have not been regarded by the appellant, we cannot revise or reverse the decisions of the court below on the issues of facts joined between the parties.

But, even if we could revise the decisions of the court below as to the issues on the replications to the first and third pleas, we are satisfied that nothing in the record shows any error in those decisions. It is true, the decree shows that several witnesses were examined, "whose

testimony was reduced to writing by the court," and that the agreement of counsel is, that "all the testimony of all the witnesses examined in the case, which testimony has been reduced to writing by the probate judge as given in by the witnesses at this term of the court on the hearing of the case," shall be regarded as part of the record; but neither the decree nor agreement of counsel mentions the *name* of any witness, nor describes the testimony of any witness or witnesses, by any such indentifying feature "as to leave no room for mistakes in the transcribing officer." And it is not for us to *conjecture* or *intend* that the statements of certain witnesses, appearing in the transcript, contain the testimony, and all the testimony, of all the witnesses examined.

According to section 1649 of the Code, the costs were properly adjudged against the contestant. But, as it appears that he, being administrator, contested in *good faith*, he is entitled to reimbursement out of the estate; and the court with which he must settle his accounts as administrator, will do him justice.—Bettis v. Taylor, 9 Porter's Rep. 564.

The decree is affirmed.