# SOUTHERN MUTUAL INS. CO. *vs.* HOLCOMBE'S ADMINISTRATOR.

[CONTEST AMONG CREDITORS OF INSOLVENT ESTATE.]

1. *Construction of bill of exceptions.*—Where the bill of exceptions, after setting out certain evidence introduced by the parties, states that "*thereupon*" the court rendered its decision, the appellate court, adopting the construction less favorable to the appellant, will not regard this as an assertion that the bill of exceptions contains all the evidence on which the court acted.

2. *Presumption in favor of ruling of primary court.*—In a probate case, where the correctness of the ruling of the primary court depends on the proof, and the bill of exceptions does not purport to set out all the evidence on which the probate judge acted, the appellate court will presume that his decision was justified by the evidence.

APPEAL from the Probate Court of Mobile.

IN the matter of the final settlement of the estate of John C. Holcombe, deceased, which was duly declared

insolvent on the 2d April, 1855, and against which the appellant filed as a claim an account for $753 51. The rejection of this claim is the only matter assigned as error. The ground on which the opinion of this court is based, renders it unnecessary to state the evidence contained in the bill of exceptions.

F. S. BLOUNT, for appellant.

JNO. T. TAYLOR, *contra*.

A. J. WALKER, C. J.—The bill of exceptions, after a statement of evidence, says, that "*thereupon*" the court rejected the appellant's claim. Adopting the construction less favorable to the appellant, we cannot regard this as an assertion that the bill of exceptions contains all the evidence upon which the court acted; and consequently, we cannot affirm that there was error in the rejection of the appellant's claim.—Keep v. Kelly & Levin, 29 Ala. 322; Bradley v. Andress, 30 Ala. 80; Lovett v. Chisolm, 30 Ala. 88; Stein v. Feltheimer, 31 Ala. 57.

The decree of the court below is affirmed.