## COTTEN vs. BRADLEY.

[ACTION ON BILL OF EXCHANGE BETWEEN ENDORSERS.]

1. *Payment of bill by endorser.*—The payment of a bill of exchange by an endorser, or of a judgment which has been rendered thereon against a prior endorser, does not extinguish the bill as between him and such prior endorser, but gives him a right of action on it as fully as if he had never endorsed it.

2. *Presumption in favor of judgment.*—When a plea, which was struck out on motion in the primary court, is nowhere set out in the record, the appellate court will presume that it was of such character as justified that action.

3. *Construction of bill of exceptions.*—A recital in the bill of exceptions, that "the court *decided*" certain legal propositions, is not sufficient to show that such decisions were given as instructions to the jury.

APPEAL from the Circuit Court of Jackson.
Tried before the Hon. S. D. HALE.

THE complaint in this case was in the following words:
"Joseph C. Bradley ⎱ The plaintiff claims of the de-
vs. ⎰ fendant thirty-eight hundred dol-
Edward Cotten. ⎰ lars, due on a certain foreign bill
of exchange, which was drawn by David Larkin, dated Lar-

Cotten v. Bradley.

kinsville, Alabama, April 21, 1855, on Messrs. Bradley, Wilson & Co., New Orleans, La., for the payment of twenty-seven hundred dollars, four months after the date thereof, to the defendant, by whom it was endorsed to William R. Larkin, who endorsed it to Dillard & Ledbetter, who endorsed it to the plaintiff; and said bill, not being paid at maturity, was duly protested; of which the defendant had due notice.    Said bill, with damages and interest due thereon, is still unpaid."

" On the trial of the cause," as the bill of exceptions states, "upon the issue joined on the pleas of payment and the general issue, (the plea of pendency of former suit being struck out on the motion of plaintiff,) the plaintiff offered in evidence the bill of exchange, with the endorsements thereon, on which the suit was founded, marked 'Exhibit A,' and the protest, marked 'Exhibit B;' and the defendant offered in evidence a transcript from the records of the district court of the United States at Huntsville, marked 'Exhibit C.' " (This transcript showed the rendition of a judgment by said district court, on the 15th November, 1855, in favor of the State Bank of South Carolina, as the endorsee of Joseph C. Bradley, against Dillard & Ledbetter, as the endorsers of the bill of exchange here sued on; the issue of an execution on said judgment, and the payment and satisfaction of the execution, except as to the costs.)    "The defendant introduced R. C. Brickell as a witness, who was the plaintiff's attorney, and who testified, that said bill of exchange described and sued on in said transcript was the same bill here sued on; that suit was instituted on said bill, in said district court, against the defendant in this suit, prior to the institution of this suit, and that said suit in the district court is still pending. Said Brickell also stated, as the witness of the plaintiff, that said plaintiff paid said judgment against Dillard & Ledbetter ; that the plaintiff in that judgment thereupon surrendered said bill of exchange to him ; and that said suit in the district court was pending against said defendant for costs only.    On this testimony, the court decided, that the

bill, endorsements, and protest, were sufficient to fix a *prima-facie* liability of the party,—it being admitted, that Larkinsville, to which the notice of protest was sent, was the post-office of the defendant; that the testimony of said Brickell in behalf of the plaintiff, although objected to by the defendant, was competent; and that although plaintiff was a subsequent endorser to Dillard & Ledbetter, and said transcript showed a satisfaction, still plaintiff was entitled to recover upon the testimony; to all which rulings and decisions of the court the defendant excepted."

The errors assigned are: 1st, that the court erred in striking out the plea of pendency of a former action; 2d, the decision of the court that the testimony of Brickell was competent; and, 3d, the decision that the plaintiff was entitled to recover on the testimony.

S. D. J. MOORE, for appellant.

R. C. BRICKELL, *contra.*

A. J. WALKER, C. J.—The payment of a bill of exchange, by an endorser to his endorsee, does not extinguish the bill, as between the endorser, who makes the payment, and the parties who stand before him in the order of liability.—Story on Bills, 541, § 422; Byles on Bills, m. pp. 174, 175, 176, 184; Chitty on Bills, m. p. 424, note 3; *Kirksey v. Bates,* 1 Ala. 303; Edwards on Bills, 534; *Earbee v. Wolfe & Clark,* 1 Ala. 366; *Wallace v. Branch Bank of Mobile,* 1 Ala. 565; *Herndon v. Taylor,* 6 Ala. 461; *United States v. Barker,* 1 Paine, 161; *Picquet v. Curtis,* 1 Sumner, 478; *Bell v. Morehead,* 1 Marsh, 158; 3 Kent, m. p. 89.

Notwithstanding the rendition of judgment against Dillard & Ledbetter, Bradley, the subsequent endorser, remained liable to his endorsee, and had a right to pay off the bill, to take it up, and to maintain an action against any of the prior parties. Instead of merely paying the bill of exchange, he satisfied a judgment which had been rendered against his endorser, in favor of his endorsee.

This payment necessarily involved a payment of the bill, upon which the judgment was founded. We cannot perceive any reason why Bradley should be deprived of his right of action against the prior parties, which would result from his paying off and taking up the bill, because he has, besides taking up the bill, satisfied the judgment. If the payment had been made by Dillard & Ledbetter, Bradley's endorsers, the property of the bill would have enured to them; but the payment is not by them, either in fact or by intendment of law, because it was made upon a judgment against them.

This is not the case of one man seeking by his voluntary act to make another his debtor. It is a legal right of an endorser to pay off and take up the bill; and thereupon he becomes the owner, and invested with a right of action against the respective parties standing before him, as completely as he was before he endorsed the paper. Having taken up the bill, he proceeds upon it, and does not sue as assignee of the subsequent party to whom he paid it. Dillard & Ledbetter were discharged from the judgment against them, by Bradley's payment of it; but we apprehend they were not discharged from liability upon the bill to their endorsee. But, if they were so discharged, it would not affect the liability of the antecedent parties. The discharge of a subsequent, does not discharge a prior party to a bill.—Byles on Bills, 190, 187; Chitty on Bills, m. p. 418. We think the argument for the appellant, that the plaintiff, upon the facts stated in the bill of exceptions, has no right of action, is altogether untenable.

[2.] We cannot discover that the court erred in striking out the plea of pendency of a former suit. The plea is not set out; and in the absence of all information as to what it contained, we must presume that it was of such character as justified the action of the court.

[3.] It is objected, that the court, in a charge to the jury, assumed the credibility of the parol evidence. We do not understand the bill of exceptions to show any charge by the court. It says, that the court *decided* certain

things; but those decisions may have been announced incidentally during the trial, and not given as authoritative statements of the law to the jury. We cannot say that the court has given any erroneous charge to the jury, when it does not appear that the decision was given as a charge to the jury, or intended for their hearing.—*Greene v. Sims*, 16 Ala. 541; *Phillips v. Beene, ib.* 720; *Morrow & Nelson v. Parkman & Weaver*, 14 Ala. 769.