# BLACKWELL'S DISTRIBUTEES *vs.* BLACKWELL'S ADMINISTRATOR.

[FINAL SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS.]

1. *Construction of bill of exceptions, as to evidence set out in record.*—Where the bill of exceptions, in a probate case, recites that the administrator, on final settlement of his accounts, "offered no other evidence in support of his account than is filed with the papers of said estate in the office of the judge of probate;" and that the court, in making its decree, passed upon the account and the exceptions thereto, "upon such testimony alone as is filed with the papers and record of said court;" but it does not purport to set out all the evidence which was "filed with the papers of said estate;" and there does not appear to have been any order of court making "the testimony filed with the papers" a part of the record,—it is not affirmatively shown that the transcript contains all the evidence which was before the probate court.

2. *Presumption in favor of judgment.*—In a probate case, where the correctness of the decree depends on the evidence which was before the primary court, and the bill of exceptions does not purport to set out all the evidence which was before that court, the appellate court will presume that the decree was justified by the evidence.

APPEAL from the Probate Court of Clarke.

IN the matter of the estate of Mrs. Priscilla Blackwell, deceased, on final settlement of the accounts and vouchers of Abel H. Dubose, the administrator. The administrator filed his accounts for a final settlement on the 20th September, 1860, and the 22d day of October following was appointed by the court for the settlement. The distributees appeared by attorney, and filed several exceptions to different items of the account as stated by the administrator, which, under the decision of this court, require no particular notice. On the 10th December, 1860, the court rendered a final decree, ascertaining the amount of assets which the administrator had received, the credits to which he was entitled for disbursements, the respective shares of the several distributees, &c.; and releasing and discharging the administrator, on his production of receipts and transfers from the distributees. The record does not show that any exception was reserved to the rulings or decree of the court. The bill of exceptions only states, "that on the trial of the matters involved in the final settlement in this cause, the administrator of said estate offered no other evidence in support of his account than is filed with the papers of said estate in the office of the judge of probate of said county; and that the court, in making its final decree on said settlement, passed upon said administrator's account, and the exceptions filed thereto by the distributees of the estate, upon such testimony alone as is filed in the papers and record of said court." The final certificate of the judge, appended to the transcript, states, "that the foregoing pages, numbered," &c., "contain a full and complete transcript of the administration upon the estate of Priscilla Blackwell, deceased, as appears of record in said court." The final decree of the court, and the overruling

of the several exceptions filed by the distributees to the administrator's account, are now assigned as error.

O. S. JEWETT, for appellants.

GOLDTHWAITE, RICE & SEMPLE, *contra.*

R. W. WALKER, J.—The bill of exceptions states, that on the final settlement the administrator "offered no other evidence in support of his account than is filed with the papers of said estate in the office of the judge of probate;" and that the court, in making its decree, passed upon the account and the exceptions thereto, " upon such testimony alone as is filed in the papers and record of said court." It does not, however, purport to set out all the evidence which was " filed with the papers of said estate;" nor does there appear to have been any order of court, making " the testimony filed in the papers " a part of the record. There may well be documentary evidence filed with the papers relating to the administration of an estate, which yet constitutes no proper part of the record of such administration. Such is the case with the vouchers filed by the administrator in support of the various items of his account. Consequently, we can not say that the transcript before us contains all the evidence which was offered in the court below, in relation to the questions arising upon the exceptions of the appellants to the administrator's account. This being so, the familiar rule, which requires us to make all reasonable intendments in favor of the ruling of the primary court, makes it our duty to affirm the decree.—*Bradley v. Andress*, 30 Ala. 80 ; *Bendall v. Bendall*, 24 Ala. 295 ; *Morgan v. Morgan*, 35 Ala. 303.

The decree is affirmed.