## MAY *vs.* LEWIS.

[APPLICATION BY SHERIFF FOR INSTRUCTIONS AS TO APPROPRIATION OF MONEY UNDER FI. FAS.]

1. *Construction of bill of exceptions.*—A recital in the bill of exceptions, that, "under the facts stated within, the court held and ordered," &c., is not sufficient to show that all the evidence in the case is set out in the record; and this, although it appears that the facts were agreed on by consent. (JUDGE, J., *dissenting.*)

2. *Presumption in favor of judgment.*—On an application by the sheriff, for instructions as to the appropriation of money under sundry executions in his hands, the appellate court can not revise the ruling and decision of the primary court, unless all the evidence is set out in the record.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. JOHN HENDERSON.

THE appellee in this case, who was the sheriff of Tuskaloosa county, made application to said circuit court, at its October term, 1866, by motion, for instructions as to the appropriation of money under sundry executions in his hands against John W. Prewitt. The executions were thus described in the motion: "One in favor of W. Moody, No. 9,583, on judgment of September 24, 1861, for $458.96, and costs; one in favor of W. K. Hargrove, No. 9,477, on judgment of September 24, 1861, for $3,341.65, and costs; one in favor of May, adm'r, No. 9,596, on judgment of September 24, 1861, for $4,533.23, and costs; one in favor of W. Moody, No. 9,593, on judgment of September 24, 1861, for $3,575.46, and costs; and one in favor of W. Moody, No. 9,703, on judgment of 24th March, 1862, for $953.56, and

costs." On the trial, or hearing of the motion, at the same term, the following bill of exceptions was reserved by said May and Moody:

"In the circuit court of Tuskaloosa. Fall term, 1866.

"Application to the court, by Thomas P. Lewis, sheriff, to be instructed how to dispose of five hundred and seventy-three dollars, collected by him, on 31st August, 1866, by the sale of certain personal property of John W. Prewitt, under the executions mentioned in the motion. It is agreed by the parties interested, that the facts are rightly stated in the application, as far as they go, and that the other facts are as follows: Executions were issued on said Hargrove's judgment, on the 16th October, 1861, the 2d May, 1862, the 30th September, 1862, the 25th October, 1863, the 13th September, 1865, and the 28th April, 1866. These successive executions went at once, (say the day on which they were issued,) into the hands of the sheriff; and said execution last mentioned was levied on said property on the 4th May, 1866, and said property was, soon afterwards, advertised for sale under said execution alone. Executions were issued on Moody's judgment, No. 9,583, on the 16th October, 1861, the 2d May, 1862, the 4th December, 1862, the 9th March, 1864, the 9th September, 1865, the 23d February, 1866, and the 2d July, 1866; and these successive executions went into the hands of the sheriff at once, (say the day on which they were issued,) except the last, which went into his hands on the 2d August, 1866. Executions were issued on said Moody's judgment, No. 9,593, and placed in the hands of the sheriff, as in case of No. 9,583. Executions were issued on said Moody's judgment, No. 9,703, on the 10th September, 1862, the 4th December, 1862, the 7th March, 1864, the 9th September, 1865, the 26th February, 1866, and the 3d July, 1866; and these successive executions were placed in the hands of the sheriff at once, (say the day on which they were issued,) except the last, which was placed in his hands on the 3d August, 1866. Executions were issued on said May's judgment, on the 16th October, 1861, the 2d May, 1862, the 30th September, 1862, the 7th March, 1864, the 9th September, 1865, the 23d February, 1866, and the 2d July, 1866; and these suc-

May v. Lewis.

cessive executions were placed in the hands of the sheriff at once, (say the day on which they were issued,) except the last, which was placed in his hands on the 2d August, 1866. No levy was endorsed on, or attached to any of these executions, except Hargrove's, until after the 3d August, 1866 ; and the levies were written on four separate half-sheets of paper, and were to be attached to each of the other executions. The execution last issued in each case, was in the hands of the sheriff when the property was sold ; but the separate sheets had not been attached to the executions on the day of the sale. The affidavit of A. C. Hargrove, which is hereunto attached as an exhibit, was read in evidence on this motion." (Said affidavit states, that the deponent saw said executions in favor of May and Moody, on the day of the sheriff's sale, and that no levy was then endorsed on them.) "Under the facts stated within, the court held and ordered, that all the money in the hands of the sheriff be appropriated to the execution in favor of said Hargrove; to which ruling said May and said Moody excepted."

The ruling of the circuit court on the motion of the sheriff is the only matter assigned as error.

W. Moody, for appellants.
Hargrove & Fitts, contra.

BYRD, J.—The bill of exceptions recites, that, " under the facts stated within, the court held and ordered, that all the money be appropriated to the execution in favor of Hargrove"; to which the appellants excepted. This bill is defective, in not showing, affirmatively, that all the evidence introduced on the hearing of the motion is set out ; a defect of very frequent occurrence. This court has often held, that it will not revise the decision of the court below, upon the evidence, unless the record shows that it is all set out in the bill of exceptions.

The assertion that, "under the *facts* stated within," taking the word " facts" in the acceptation of the term *evidence*, is not equivalent to the expression " that all the evidence is stated within." In the case of *Raines' Adm'r v. Raines'*

*Creditors*, (30 Ala. 426,) this court held the phrase, " upon this testimony, the plaintiff asked the court for a decree in his favor," was not sufficient, and said : " In such case, we can not presume there was no other evidence before the court." In the case of *The Southern Mar. Ins. Co. v. Holcombe*, (35 Ala. 327,) the court held, that the word " *thereupon*," coming immediately after the evidence set out in the bill of exceptions, was not sufficient to authorize this court to presume that all the evidence was set out in the bill. In the case of *Fickling v. Brewer*, (38 Ala. 685,) neither the report of the case, nor the opinion of the court, shows what was the expression used in the bill of exceptions ; but, by reference to the record on file, it appears that it is, "on this proof," which immediately followed the evidence set out ; and this was held insufficient as an averment that all the evidence was set out. In the case of. *Henley v. Lee*, at the last term, this court held, that the assertion, "*on this state of proof*," was insufficient. The case of *The Southern Marine Ins. Co. v. Holcombe, supra*, was cited, and, to that extent, re-affirmed as authority, in the case of *Ward v. Cameron's Adm'rs*, 37 Ala. 691. The case of *Bradley v. Andress*, 30 Ala. 80, is a case strikingly in point, on the presumptions indulged by this court in favor of the action of the courts of inferior jurisdiction. And in the case of *Taylor v. McElrath*, (35 Ala. 332,) the chief-justice' lays down, with much exactness of statement, the doctrine on this question.—See, also, *Cotten v. Bradley*, 38 Ala. 506 ; *Kirksey v. Hardaway*, *Briggs v. Cribbs*, and *Hays, ex'r, v. Cockrell*, decided at this term ; *Guilford v. Hicks*, 36 Ala. 95.

Upon the reasoning and authority of the decisions referred to, the ruling of the court below must be affirmed.

JUDGE, J., *dissenting.*