# KIRKSEY vs. HARDAWAY.

[MOTION BY SHERIFF FOR INSTRUCTIONS AS TO APPLICATION OF MONEY UNDER
EXECUTIONS.]

1. *Assignment of error by party not appealing.*—On appeal from a judgment
of the circuit court, instructing the sheriff how to apply certain moneys
in his hands on sundry executions, an assignment of error by one of
the plaintiffs in execution, who took no appeal, though he reserved a
bill of exceptions, will be treated as a nullity by the court, when it is
not made with the consent of all the parties in adverse interest, and
there is no joinder in error by them as to such assignment.

2. *Construction of bill of exceptions.*—A recital in the bill of exceptions,
that, "upon the foregoing evidence, the court decided," &c., is not
equivalent to an averment that all the evidence is set out. (JUDGE, J.,
*dissenting.*)

APPEAL from the Circuit Court of Greene.
Tried before the Hon. JAMES COBBS.

THIS was a motion by William R. Hardaway, the sheriff
of said county, for instructions how to apply certain moneys
in his hands, arising from the sale of property belonging
to Abram F. Alexander, deceased, and Ephraim J. Butler,
under sundry executions. The several plaintiffs in execu-
tion, being notified of the motion, came into court, and con-
tested with each other their respective rights to the money.
There were in the sheriff's hands, at the time of the sale of
Alexander's property, six executions, issued on judgments
rendered by said circuit court, in favor of W. P. Webb,
Benjamin T. Higginbotham, Joseph W. Hall, William M.
Hale, James B. Clark, and Mary J. Lipscomb, respectively;
and four executions from the probate court, in favor of
Foster M. Kirksey, as the guardian of Ellen G. Bullock,
William A. Bullock, Frances B. Bullock, and Laura L. Bul-
lock, respectively. The executions in favor of Kirksey were
founded on decrees rendered by said probate court, on the
6th April, 1861, in favor of his said wards respectively,
against James R. Evans, the predecessor of said Kirksey

as guardian; and executions on these decrees having been issued against said Evans, and returned "No property found," executions were then issued against him and the sureties on his official bond as such guardian, of whom said Alexander was one; and these executions were regularly kept up, until the sale, which was made in October, 1866. All these executions, together with the said decrees of the probate court, and the official bonds of said Evans as guardian, were offered in evidence on behalf of said Kirksey. The several executions from the circuit court were issued on judgments rendered by said court at its April term, 1863, and were regularly kept up; and all these executions were offered in evidence on the part of the several plaintiffs therein. The bill of exceptions, after stating all the facts connected with the issue, levy, and return of these several executions, (which, however, it is unnecessary to state here,) proceeds thus : "All the foregoing execution creditors, being notified by the said sheriff, came into court, by their attorneys, and contested their rights to the money brought into court. Thereupon, upon the evidence aforesaid, the court decided, that said money should be applied to the said executions from the circuit court, to the exclusion of said executions from the probate court; to which decision said F. M. Kirksey excepted."

The money in the hands of the sheriff, arising from the sale of property belonging to Ephraim J. Butler, was claimed by said Kirksey, under the same executions; said Butler having been surety of said James R. Evans, on his official bond as guardian; and it was also claimed by A. R. Davis and others, under executions issued on judgments of the circuit court, which need not to be particularly described. The bill of exceptions, after describing these several executions, proceeds thus : "The said execution creditors, having been notified, appeared in court, and contested their rights to said sum of money; and the court decided, upon the foregoing evidence, that the said execution of A. R. Davis should be first paid in full, and that the residue should be applied to said other executions from the circuit court, to the exclusion of said probate executions; to which decision said Kirksey excepted."

There is another bill of exceptions in the record, which was reserved by Duncan Dew, as the administrator of Duncan Dew, deceased, to the refusal of the court to direct the appropriation of the money in the hands of the sheriff, arising from the sale of said Alexander's property, to the satisfaction of an execution in his favor; but the decision of this court renders it unnecessary to state any of the facts connected with his claim.

The appeal was sued out by Kirksey, who assigned as error the rulings of the court to which he reserved exceptions; and Dew also assigned as error, on the same record, the ruling of the court to which he excepted. The record does not show that any appeal was sued out by said Dew; but there is an agreement of record, copied into the transcript at the bottom of his bill of exceptions, and signed by Kirksey's attorneys, and by " Webb, and Morgan & Jolley, attorneys, &c.," in these words: " We agree to waive citation, and notice of appeal, and consent that an appeal be taken without bond, except security for costs of appeal; *and that it may be heard and decided upon the appeal taken by the said F. M. Kirksey on this record.*" There is another agreement of record, which is copied into the transcript at the bottom of Kirksey's bill of exceptions, and which is in the same words as the above, with the exception of the italicized portion; and to this agreement are signed the names of Kirksey's attorneys, Dew's attorney, and " W. P. Webb, and Morgan & Jolley, attorneys for circuit-court execution creditors." There is also another agreement, at the foot of the brief submitted by Dew's attorney, in these words: " We agree that the court shall consider the question raised on Dew's bill of exceptions and assignment of errors, upon the record in this case, on the giving security for the costs of appeal; and, if necessary, to enter on the record that we deny the truth of the errors assigned, or what may be called the *similiter.* We agree that the clerk make the assignment, or joinder, in our names, that there is no error." The names signed to this agreement are: " J. B. Clark, for appellant"; " Morgan & Jolley, attorneys for B. F. Higginbotham"; " W. Coleman, for appellant"; "W. P. Webb, for sheriff."

J. B. CLARK, and T. REAVIS, for appellant Kirksey.
JAMES B. CLARK, and S. W. COCKRELL, for appellant Dew.
W. P. WEBB, and MORGAN & JOLLEY, for the appellees.

BYRD, J.—1. The administrator of Dew not having taken an appeal, and the errors assigned by his counsel not having been assigned by consent of all the adverse parties, and there being no joinder in such assignments, they will be treated as a nullity, and will not be considered by this court.

2. The bill of exceptions does not purport to set out all the evidence introduced on the hearing of the motion, but states that, " upon the foregoing evidence, said court decided," &c. This expression is equivalent to the word *"thereupon,"* used in the case of *The Southern Marine Ins. Co. v. Holcombe*, (35 Ala. 327,) and the expression, " upon this state of proof," used in the case of *Henley v. Lee*, decided at the January term, 1867. In the case from 35 Ala., the word *"thereupon"* evidently referred to the foregoing evidence set out in the bill of exceptions in that case ; and in the case of *Henley v. Lee*, the words, " upon this state of proof," as evidently referred to the evidence set out in the record ; yet both were held to be insufficient, as an assertion affirmative of the proposition, that all the evidence was set out in the bill of exceptions. It is a stringest rule ; but it has been so long established, that we do not feel at liberty to depart from it. That the court decided a question upon the evidence stated in the bill of exceptions, is not an affirmation that the evidence set out therein was all that was introduced ; nor does it bind us to pass upon the same facts, in the absence of an averment in the bill that the evidence set out was all that was introduced. The court may have decided erroneously, upon the facts stated, and yet have decided right, if all the facts had been contained in the bill, which were in proof on the hearing. We conceive that the principles settled in the following adjudications, are applicable to this case, and are conclusive : *Keep v. Kelly & Levin*, 29 Ala. 322 ; *Bradley v. Andress*, 30 Ala. 80 ; *Lovett v. Chisholm*, 30 Ala. 88, and authorities therein

cited ; *Southern Marine Insurance Co. v. Holcombe*, 35 Ala.
327 ; *Henley v. Lee*, decided at the January term, 1867.

A bill of exceptions is construed most strongly against
the party excepting, and he is bound to show error affirma-
tively, else the decision of the court below must be affirmed.
*Doe, ex dem., v. Godwin*, 30 Ala. 242.

Let a judgment of affirmance be entered.

JUDGE, J.—I concede it to be a salutary rule of con-
struction, that a bill of exceptions must be construed most
strongly against the party excepting. But, in the enforce-
ment of this rule, the construction, in all cases, should be
a reasonable one. When the action of the court is stated
to be, " *upon the foregoing evidence*," I think a fair and rea-
sonable construction authorizes the conclusion, that it was
upon the ₊evidence stated, and that alone, that the court
acted ; and it is not, in my opinion, a fair or reasonable
construction in such case, to *presume* that the action of the
court was predicated, not only upon the evidence stated,
*but also upon other evidence not stated*. I concede that the
previous decisions of this court have gone a long way to-
wards sustaining, if they do not justify, the ruling of the
majority of the court in the present case. But I am op-
posed to the application of those decisions to analogous
cases, when the result is the enforcement of what I con-
sider so unreasonable a rule of construction, as that obtain-
ing in the present case.