Bridges v. Cribbs.

---

## BRIDGES vs. CRIBBS.

[MOTION TO SET ASIDE SHERIFF'S SALE.]

1. *Construction of bill of exceptions.*—A recital in the bill of exceptions, that,

"upon the foregoing testimony, the court decided," &c., is not sufficient to show that the testimony set out therein is all the evidence that was before the primary court.—(JUDGE, J., dissenting.)

APPEAL from the Circuit Court of Tuskaloosa. Tried before the Hon. JOHN HENDERSON.

THIS was a motion by Philander A. Cribbs, and Massengale & Cribbs, defendants in execution, to set aside the sale of lands by the sheriff, under sundry executions against them. The sheriff who made the sale, the purchaser at the sale, (Oliver W. Bridges,) and the several plaintiffs in execution, were made defendants to the motion; but the real controversy was between John Glasscock, who was the owner by assignment of some of the executions, and who had purchased the interest of said Massengale & Cribbs in the said lands, and said Oliver W. Bridges, the purchaser at the sale. The opinion of this court renders it unnecessary to state the facts of the case at length.

W. MOODY, for the appellant.
WOOD & COOK, contra.

BYRD, J.—The bill of exceptions does not show that all the evidence introduced on the hearing of the motion is set out; nor can we say, from the judgment-entry made by the court, that all the evidence is set out in the bill of exceptions.—*Southern Mutual Ins. Co. v. Holcombe*, 35 Ala. 327; *Henley v. Lee*, at January term, 1867; *Kirksey v. Hardaway*, at present term. The bill of exceptions states, that, " on the foregoing testimony, the court set aside the sale." This is not a sufficient averment that all the evidence introduced on the hearing of the motion is set out. The words, " on the foregoing testimony," are not conclusive against the party excepting. If the decree of the court showed, or if it appeared otherwise from the record, that all the evidence was set out, it would be sufficient, although the bill of exceptions stated that the court decided upon " the foregoing testimony."

This construction of the bill of exceptions, we admit, is

rigid and stringent; and we would take a more liberal one, if the question was *res integra.* But, to do so, we would have to overrule the case of *The Southern Mutual Ins. Co. v. Holcombe,* (35 Ala. 327,) and some of the cases cited therein, and others since decided; and this we are not prepared to do, on a question of practice so long established by the decisions of this court.—*Bradley v. Andress,* 30 Ala. Rep. 80.

A bill of exceptions is construed more strongly against the exceptant; and we can not regard the assertion made in this bill as an affirmation that all the evidence introduced on the hearing of the motion is set out therein. The party excepting must affirmatively show error, to entitle himself to a reversal of the action of the inferior court.—*McReynolds v. Jones,* 30 Ala. 101; *School Commissioners v. Goodwin,* 30 Ala. 242.

The judgment is affirmed.

JUDGE, J. dissenting, referred to his dissenting opinion in *Kirksey v. Hardaway,* at the present term, as showing his views on the proper construction of the bill of exceptions.