LAVONEY HIGGINS by LEONARD HIGGINS, her next friend,

*vs.*

JOHN E. DOWNS.

Somerset.    Opinion July 16, 1883.

*Exceptions. Expert testimony. Practice.*

When exception is taken to the exclusion of testimony which could only come from an expert, it must affirmatively appear that the testimony excluded was expert testimony, otherwise the exception will not be sustained.

ON EXCEPTIONS, which state as follows:

" This was an action of trespass brought by a pupil against her teacher for punishment inflicted upon her in school.

" Plaintiff claimed that it was excessive, and that in consequence thereof, her spine and brain were injured and became diseased, and she has suffered ever since from such spine and brain disease.

"Defendant claimed that such traits were hereditary in the family, and offered evidence that an elder sister of hers had previously suffered from a like disease.

" This evidence the presiding judge excluded. To which ruling excluding the same the said defendant respectfully excepts, and having reduced his exceptions to writing, prays that the same may be allowed."

*Baker and Baker*, for the plaintiff.

*Walton and Walton*, for the defendant.

APPLETON, C. J. The plaintiff brings this action to recover damages for bodily injuries inflicted by way of punishment and causing disease of the spine and brain.

The defence claimed was, that the disease was the result of heredity, and not caused by the blows inflicted. Whether so or not involved grave questions of medical science. What was the

nature of the plaintiff's disease and how caused, and what that of her sister and the likeness between them, if any there was, were questions as to which experts could alone be called properly to testify.

Whether the testimony offered was that of a witness whose knowledge and experience would qualify him to give an opinion, in matters where evidence of opinion is admissible, is to be determined by the court. The question is one of competency, and exceptions will not be sustained, unless it appears clearly that the exclusion was erroneous. It is not shown that the witness was an expert. If not, the rejection of the testimony was proper. To sustain the exceptions, it should affirmatively appear that there was error in the rulings. It does not so appear. *Hawks* v. *Charlemont*, 110 Mass. 110.

*Exceptions overruled.*

BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.