[No. 437.   August 4, 1891.] ·

JOHN H. SLOAN, ET AL., BOARD OF COUNTY COMMISSIONERS, SANTA FE COUNTY, PLAINTIFFS IN ERROR, v. TERRITORY OF NEW MEXICO EX REL. BENJ. M. READ, DEFENDANT IN ERROR.

ELECTIONS—MANDAMUS TO COMPEL COUNTY COMMISSIONERS TO CANVASS RETURNS—EVIDENCE—VALIDITY OF JUDGMENT—PRESUMPTION.—On a proceeding by mandamus against the county commissioners of Santa Fe county to compel them, among other things, to canvass an election certificate from precinct number 8, where it appeared the certificate had been purloined, and a copy thereof was admitted in evidence, and the only objections made by defendants to its admission were, that it was not the original, and that it was not authenticated as required by law, but the genuineness of the signatures thereto was not challenged, and that was all the evidence disclosed by the bill of exceptions—Held: It not appearing that any proper objection was raised to the instrument when offered, the court below may have found that it was one of the instruments authorized by sections 1196, 1197, Compiled Laws, and this court will presume that it did so find, and did not, therefore, err in admitting it in evidence.

2. In such case, where the facts and proofs are submitted to the court, without a jury, all the evidence should be embodied in the record. In the absence of such showing in the bill of exceptions the court . may indulge every reasonable presumption in favor of the validity of the judgment.

ERROR, from a judgment in favor of relator, to the First Judicial District Court, Santa Fe County. Judgment affirmed.

The facts are stated in the opinion of the court.

FRANCIS DOWNS and N. B. LAUGHLIN for plaintiffs . in error.

E. L. BARTLETT and J. H. KNAEBEL for defendants in error.

O'BRIEN, C. J.—On the petition of defendant in error, the judge of the district court of Santa Fe county, issued, on the twelfth day of November, 1890, an alternative writ of mandamus, directed to the plaintiffs in error, as the canvassing board of said county, requiring them, among other things, to count and canvass an election certificate from precinct number 8, or to appear before the court and produce such returns, and all papers in their custody purporting to be such returns. It further recites that the original returns, including the poll books, ballot box, and certificate from precinct number 8, had been purloined or taken away, and were not before the board when in session to canvass the returns from the county. It then proceeds to direct the board to canvass, as a return from said precinct, a certificate signed by the judges and clerks of election at said precinct, in compliance with the provisions of section 1196, Compiled Laws, 1884. Thereafter plaintiffs in error appeared and filed an answer to the writ. The portions thereof pertinent to the returns from the precinct in question are briefly as follows:    That they did not know whether an election had been held in said precinct at the general election in November or not; that they had met at the county seat, as required by law, on November 10, 1890, to canvass all election returns regularly before them; that they had instructed their clerk to have such returns for their official action at such time and place; that the latter had reported to them that he had not in his possession and was unable to find any ballot box, poll books, or returns from precinct number 8; that no such returns from the precinct for the election held on November 4, 1890, had been made to them or to their clerk; and they deny that the same had been taken or purloined from them while sitting as a board of county canvassers. They then allege that on the eleventh day of November, 1890, the relator, Benjamin M. Read,

VOL. 6 N. M.—6

filed with their clerk a paper purporting to be a certificate of the result of the election held in precinct number 8; that such certificate was not, nor was it alleged to be, the original certificate authorized by the provisions of section 1131 of the Compiled Laws, nor was it a copy authenticated in accordance with the requirements of section 1196 of such laws; that, as the same had not been received by or presented to them in the manner prescribed by law, they treated it as a nullity, and declined to accept or canvass the same. On the issues made by the answer to the alternative writ, a trial was had before the court, without a jury, on the sixteenth day of November, 1890. During the progress of the trial, defendant in error, relator in the court below, offered as evidence, in support of the writ, among other things, the certificate of election from precinct number 8, hereinbefore referred to; to which offer respondents objected, because such certificate was not the original, and because it was not authenticated as required by sections 1196 and 1197 of the Compiled Laws. The objection was not sustained, the instrument was admitted, and the court, upon hearing the proofs, adjudged that the writ be made peremptory. The cause is here by writ of error, upon a bill of exceptions, for the purpose of having reviewed the ruling of the court admitting the certificate in evidence.

The bill of exceptions does not purport to contain all the evidence received on the trial. On the contrary, it expressly appears that it contains only "all the evidence offered by the plaintiff which was objected to by the defendant," and the certificate attached to the bill shows that it is only "a true, full, and perfect transcript of such part of the record * * * as said respondent deems necessary for a review of the judgment." We will consider the question presented under two aspects: (1) Did the district court err in admitting as evidence the certificate of election? (2) Is it compe-

tent for this court, in view of the character of the record, to modify or reverse the alleged erroneous judgment?

It is admitted that the original certificate, or the one of such originals as should accompany the poll books, was not before the canvassers, for the reason that it had been purloined. Hence the writ directed the board to proceed with the canvass of the votes from that precinct upon a certificate made in pursuance of the provisions of section 1196, Compiled Laws, 1884. That section reads: "The said judges shall close the election at six o'clock in the afternoon, and immediately thereafter shall open the ballot boxes, and publicly count the votes for each candidate, certifying the poll books as provided by law: provided, that said judges of election shall order that a copy of the certificate be entered in the poll books, then to be signed by them and clerks, and transmitted to the justice of the peace of their precinct: provided, further, that the said judges of election be required and obligated to give certified copies to the parties interested that may solicit the same: provided, that these notices shall not exceed four in number." The only grounds upon which the canvassing board objected to the reception of the certificate offered were (1) that it was not the original; (2) that it was not authenticated as required by law. The certificate purported upon its face to be the original, a duplicate thereof, or such copy as is intended by the first proviso of the foregoing section of the statute. We must take notice, from an inspection of the transcript, that the certificate of Clerk Garcia that the instrument offered was a copy of an original in his official custody was not appended thereto when it was offered. The certificate was not made until December 5, and the trial was had November 16, 1890. The certificate of election then did not, when offered, appear

*[Margin note: ELECTIONS: mandamus to canvass returns: evidence.]*

to be a copy requiring authentication. The mere charge of such a defect in the language used by the objectors neither made it so, nor was it any evidence that it was such. The genuineness of the signatures thereto was not challenged, and the court may have found upon an examination thereof, or by direct proof, that it was one of the instruments authorized and made competent evidence by sections 1196 and 1197 of the Compiled Laws of the territory. "Hard cases make hard law," and this is peculiarly true in view of the many doubts, difficulties, errors, or frauds incident to popular elections. It appears upon the face of the record that the relator claimed that one hundred and fifty votes had been cast at the election in precinct number 8, of which number he had received one hundred and four, as a candidate for representative in the general assembly. Are the men who cast these votes to be disfranchished on account of the mistakes of public officers or the fraud of unknown parties, who neglected to furnish, concealed, or destroyed the primary evidence of the will of the electors as expressed by their ballots? If negligence, dishonesty, or fraud may thus nullify the right of suffrage, guaranteed to the citizen, in one precinct of the county, may not similar agencies be employed with impunity to deprive every elector of the territory of the inestimable right of a "free ballot and an honest count?" It was evidently to meet such cases, and to prevent, as far as practicable, the possibility of such wrongs, that the legislature wisely enacted the various laws providing suitable remedies in case of official negligence, and the substitution and use of copies in case of the loss or destruction of the originals. Hence, it not appearing that any proper objection was raised to the instrument when offered, we can not say, from an inspection of the bill of exceptions, that any error was committed in receiving it in evidence.

Had we not reached the foregoing conclusion, the judgment would have to be affirmed for other reasons.

It is not pretended, as has been already shown, that the record contains all the evidence. In the investigation of a case of this character, it is necessary that the bill of exceptions, to entitle plaintiff in error to a reversal, should show, at least, all the evidence upon which the alleged erroneous judgment is founded. In the absence of such showing, every presumption will be indulged in favor of the validity of the judgment. Wallace v. Boston, 10 Mo. 660; Hamilton v. Moore, 4 Watts & S. Pa. 570; Pennock v. Decalogue, 2 Pet. (U. S.) 15. In a Tennessee case of this kind, wherein the facts and proofs are submitted to the court without a jury, all the evidence ought to be embodied in the record, and, in the absence of such showing in the bill of exceptions, the trial court is entitled to the presumption that other evidence was received of a kind sufficient to warrant the court in admitting the documentary evidence to which objection was made on the trial. This position is rendered the more reasonable because it does not appear from the record that the certificate whose reception is assigned as error was the only evidence received in support of the judgment. Pullen v. Lane, 4 Cold. 249; Southern, etc., Insurance Co. v. Holcombe, 35 Ala. 327; Ingram v. State, 7 Mo. 293; Wolfe v. Hauver, 1 Gill. (Md.) 84; Louisville R'y Co. v. Murdock, 82 Ind. 38.

*VALIDITY of judgment: presumption.*

Admitting that the certificate objected to was incompetent and improperly admitted, such error might or might not be material in the light of other evidence properly received; that is, the materiality of the error must affirmatively appear upon the face of the whole record, before an inference may be drawn that there was no competent evidence received in support of the judgment. In determining the merits of a case of this

kind, when two or more inferences are probable or reasonably possible, it is always allowable to adopt the one most favorable to the validity of the judgment assailed, and every reasonable intendment ought to be indulged in its favor, and against the party taking the exceptions. Robin v. State, 40 Ala. 72; Bingham v. Abbott, 3 Dall. (U. S.) 38; Higgins v. Downs, 75 Me. 346; McReynolds v. Jones, 30 Ala. 101; Thompson v. Drake, 32 Ala. 99; Rogers v. Hall, 3 Scam. 5. It may not always be necessary to state all the evidence in a bill of exceptions, yet in a case like the one under consideration, wherein the appellate court is called upon to review a ruling admitting evidence against objection, it is essential to set out the evidence involved sufficiently to enable the court of review to determine affirmatively that the evidence received was incompetent, and that such error was incurable. Hackett v. Kane, 8 Allen (Mass.), 144; Withington v. Young, 4 Mo. 564; Eakman v. Sheaffer, 48 Pa. St. 176; King v. Kenny, 4 Ohio, 79. In other words, it is a settled doctrine that, if a bill of exceptions does not purport to contain all the evidence, the appellate court ought to indulge every reasonable presumption that other evidence was adduced proper to sustain the judgment. Mitchell v. Boyd, 7 Ark. 408; Trustees v. Lefler 23 Ill. 90; Frazer v. Yeatman, 10 Mo. 501; Redden v. Covington, 29 Ind. 118. It follows that the judgment below must be affirmed.

LEE, FREEMAN, and McFIE, JJ., concur. SEEDS, J., having heard the case below, took no part in this hearing.